PEOPLE v ROARK

Docket No. 170137. Submitted November 7, 1995, at Lansing. Decided
    November 28, 1995, at 9:00 A.M. Leave to appeal denied, 451
    Mich —.

    Sherry A. Roark was convicted by a jury in the Oakland Circuit
    Court, Frederick C. Ziem, J., of possession of less than twenty-
    five grams of cocaine and thereafter pleaded guilty of being a
    second-offense habitual offender. The defendant appealed.

        The Court of Appeals *held:*

        The trial court erred in denying the defendant's motion to
    suppress evidence of statements she made while in police
    custody after a traffic stop and without the benefit of the advice
    of rights required by *Miranda v Arizona,* 394 US 436 (1966).
    *Miranda* warnings are required when a person is in custody or
    otherwise deprived of freedom of action in any significant
    manner. Here, the trial court erred in concluding that the
    defendant was no longer in custody when she made the state-
    ments because the police officer who stopped the defendant had
    informed her that he would be releasing her upon the posting
    of a bond.

        Reversed.

CRIMINAL LAW — CONSTITUTIONAL LAW — MIRANDA WARNINGS.

    Warnings required by *Miranda v Arizona,* 384 US 436 (1966),
    must be given when a person is in custody or otherwise de-
    prived of freedom of action in any significant manner; the
    totality of the circumstances must be examined in determining
    whether the defendant was in custody during the interrogation,
    with the key question being whether the accused reasonably
    could have believed that the accused was not free to leave.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *Richard Thompson,* Pros-

REFERENCES
Am Jur 2d, Arrest §§ 3, 4; Criminal Law §§ 791-794.
What constitutes "custodial interrogation" within rule of *Miranda v
    Arizona* requiring that suspect be informed of his federal consti-
    tutional rights before custodial interrogation. 31 ALR3d 565.

ecuting Attorney, and *Joyce F. Todd,* Chief, Appellate Division.

*William A. Wertheimer,* for the defendant on appeal.

Before: SAWYER, P.J., and YOUNG and S. B. NEILSON,* JJ.

PER CURIAM. Defendant was convicted, following a jury trial, of possession of less than twenty-five grams of cocaine. MCL 333.7403(2)(a)(v); MSA 14.15(7403)(2)(a)(v). She thereafter pleaded guilty of being a habitual offender (second offense). MCL 769.10; MSA 28.1082. She was sentenced to probation. She now appeals, and we reverse.

Defendant's only argument on appeal is that the trial court erred in denying her motion to suppress statements made to the police because they had been made without the advice of rights required by *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966). We agree. Defendant had been involved in a motor vehicle accident and was unable to produce a driver's license to the investigating police officer because her license had been suspended. The officer took defendant's name and ran a records check, discovering that there were outstanding arrest warrants. While the officer was waiting for confirmation of the validity of the warrants, defendant had approached the police cruiser. The officer asked her to sit in the rear seat of the cruiser. He advised her of the outstanding warrants and that she would be required to post a $330 bond. The officer heard defendant rummage through her purse for the money and decided to search the purse for weapons. While a search of the purse revealed no weapons, it did yield a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plastic bag that had three rolled-up one dollar bills and the residue of a white powdery substance.

The officer obtained consent to search defendant's vehicle and called in a canine unit. Defendant remained in the rear of the cruiser. Following the search by the canine unit, defendant was advised that upon posting the bond she would be free to leave. It was after the search by the canine unit but before defendant left the police cruiser that she was questioned by the officer and made an incriminating statement. The trial court ruled that because defendant had been advised that she would be free to leave upon posting the bond, she was no longer in custody and, therefore, the officer was not required to advise her of her *Miranda* rights. We disagree.

Warnings under *Miranda* are required when a person is in custody or otherwise deprived of freedom of action in any significant manner. *People v Mayes (After Remand),* 202 Mich App 181, 190; 508 NW2d 161 (1993). We look to the totality of the circumstances to determine if the defendant was in custody at the time of the interrogation, with the key question being whether the accused reasonably could have believed that he was not free to leave. *Id.*

It is not argued here that defendant made the statements after she posted bond and was told she could leave. Rather, it is the position of the prosecutor and the trial court that defendant was not in custody because the officer had advised her that he would not be transporting her to jail, but that she would have the opportunity to post a cash bond and be released. In essence, the trial court concluded that once the officer informed defendant that he would be releasing her upon the posting of the bond and that she would not be transported to

jail defendant was no longer in custody because she knew that she was going to be released.[1]

In sum, defendant had been requested to sit in the back of the police cruiser and was aware that there were outstanding warrants and that she would be required to post a bond as a condition of being released. Under the totality of the circumstances, we do not believe that a reasonable person would believe that he was free to leave until such time as bond was posted and the officer released him. The fact that defendant was aware that she would be released at some point in the future does not alter the fact that, until that release occurred, she was in custody. Furthermore, we are aware of no authority that stands for the proposition that there is an exception to the requirements of *Miranda* where a suspect is informed that he will eventually be released. In short, defendant remained in custody until released. Accordingly, *Miranda* warnings were required.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

[1] The prosecutor's brief on appeal takes a slightly different position, arguing that defendant was never in custody at all. That position, however, misrepresents the record. The prosecutor argues that the officer was never going to arrest defendant once he learned that she was able to post the bond. However, the officer specifically testified at the hearing that defendant was under arrest for the outstanding warrants while she was in the patrol vehicle and furthermore that up until the time the canine unit had finished its search she was not free to leave. Clearly, by the officer's own testimony, defendant was in custody for at least a part of this traffic stop. The question is not whether she was in custody, but when she was no longer in custody.