PEOPLE v MENDEZ

Docket No. 192288. Submitted June 11, 1997, at Detroit. Decided September 12, 1997, at 9:15 A.M.

Alberto Mendez, charged in the Detroit Recorder's Court with one count of first-degree criminal sexual conduct and two counts of second-degree criminal sexual conduct, moved for the suppression of evidence of a statement that he had given to the police, arguing that warnings pursuant to *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966), should have been given before the police interviewed him. The court, Wendy M. Baxter, J., granted the motion. The prosecution appealed by leave granted.

The Court of Appeals *held*:

*Miranda* warnings are required when a person is interrogated by the police while in custody or otherwise deprived of freedom of action in any significant manner. To determine whether a defendant was in custody during an interrogation, a court examines the totality of the circumstances, with the key question being whether the defendant reasonably believed that he was not free to leave. In this case, where the defendant voluntarily went to the police station after receiving a letter from the police requesting an interview, was informed that he was not under arrest, and was allowed to leave after the interview, the defendant was not in custody or otherwise deprived of his freedom of action in any significant way such that *Miranda* warnings were required.

Reversed.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Carlyon M. Breen*, Assistant Prosecuting Attorney, for the people.

Before: MARKMAN, P.J., and HOLBROOK, JR., and O'CONNELL, JJ.

Per Curiam. The prosecutor has filed this interlocutory appeal, seeking reversal of the trial court's order granting defendant's pretrial motion to suppress his statement to the police on the ground that he was not given *Miranda*[1] warnings before police questioning. The trial court determined that the police questioning of defendant at the police station constituted a custodial interrogation. We reverse.

In reviewing suppression hearing findings, this Court will defer to the trial court's findings of historical fact, absent clear error. *People v Cheatham*, 453 Mich 1, 29-30 (Boyle, J.), 44 (Weaver, J.); 551 NW2d 355 (1996). A finding of historical fact is clearly erroneous if, after a review of the entire record, an appellate court is left with a definite and firm conviction that a mistake has been made. The ultimate question whether a person was "in custody" for purposes of *Miranda* warnings is a mixed question of fact and law, which must be answered independently by the reviewing court after review de novo of the record. *Thompson v Keohane*, 516 US 99; 116 S Ct 457; 133 L Ed 2d 383 (1995).

The federal and state constitutions provide that no person can be compelled to be a witness against himself in a criminal trial. *Miranda* warnings are required when a person is interrogated by police while in custody or otherwise deprived of freedom of action in any significant manner. *People v Roark*, 214 Mich App 421; 543 NW2d 23 (1995). To determine whether a defendant was "in custody" at the time of the interrogation, we look at the totality of the circumstances, with the key question being whether the defendant

---

[1] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

reasonably believed that he was not free to leave. *Id.* at 423.

Here, the facts are undisputed that defendant picked the time of the interview in response to a police letter requesting an interview, drove himself to the police station, was left alone and unrestrained in an interview room, and, after giving written answers to some questions (which the investigators told him they did not believe), was allowed to leave. The investigators testified that they informed defendant at the outset of the interview that he was not under arrest; defendant, however, did not recall being told this. Defendant had initially refused to make a statement regarding the complainant's allegations, which indicates that he did not feel coerced. The entire interview lasted approximately 1½ hours. We find these facts to be similar to those in *Oregon v Mathiason*, 429 US 492; 97 S Ct 711; 50 L Ed 2d 714 (1977), where the defendant voluntarily came to the police station, was informed that he was not under arrest, was interviewed for one-half hour during which the officers falsely told the defendant that they had found his fingerprints at the scene, and eventually was allowed to leave without hindrance. *Id.* at 495. The *Mathiason* Court held that it was "clear from these facts that Mathiason was not in custody 'or otherwise deprived of his freedom of action in any significant way.'" *Id.*, quoting *Miranda, supra* at 444. The Court explained:

> Any interview of one suspected of a crime by a police officer will have coercive aspects to it, simply by virtue of the fact that the police officer is part of a law enforcement system which may ultimately cause the suspect to be charged with a crime. But police officers are not required to administer Miranda warnings to everyone whom they ques-

tion. Nor is the requirement of warnings to be imposed simply because the questioning takes place in the station house, or because the questioned person is one whom the police suspect. Miranda warnings are required only where there has been such a restriction on a person's freedom as to render him "in custody." It was *that* sort of coercive environment to which Miranda by its terms was made applicable, and to which it is limited. [*Id.* at 495 (emphasis in original).]

See also *People v Hoag*, 113 Mich App 789, 796-797; 318 NW2d 579 (1982). Given the totality of the circumstances in this case, we conclude that defendant was not "in custody" such that *Miranda* warnings were required. Accordingly, we reverse the trial court's order granting defendant's motion to suppress.

Reversed.