Neff, J.,
(concurring in part and dissenting in part). I agree with the reasoning and result reached by the majority opinion with regard to the search and seizure issues involving the Federal Express package. I also agree with the result reached by the majority regarding the search of defendant’s van. However, I do not agree with the analysis or result reached with regard to whether defendant was in custody when questioned in the Florida apartment for purposes of *452 Miranda[1] protections. The totality of the circumstances that resulted in the questioning in the apartment as revealed by the preliminary examination transcript leads me to conclude that defendant reasonably could have and probably did believe that he was in custody and that, therefore, he was entitled to an advice of rights pursuant to Miranda.
When defendant arrived at the apartment, the police were already there in force, both inside and outside. They had obtained identification from the two women present and had secured possession of the Federal Express package containing $6,000, less $20. There were as many as six officers outside and three or four inside. None of the officers was in uniform, but some wore police jackets. The officers were armed, and their weapons were visible. There were three officers present with defendant in the bedroom where the questioning took place. Even though the officers had a warrant for defendant’s arrest and he was not free to leave the apartment, defendant was told that he was not in custody or under arrest. On being questioned at the preliminary examination, the officer acknowledged that defendant “was the target of our investigation.” The question is whether, under the circumstances, the trial court clearly erred in finding that defendant could reasonably have believed he was not free to leave, even though the officer told him otherwise. In my view, clear error has not been shown.
Whether a person was in custody when interrogated by the police, and therefore entitled to Miranda *453 warnings, is a mixed question of law and fact, which is determined independently by this Court following a review de novo of the record. People v Mendez, 225 Mich App 381, 382; 571 NW2d 528 (1997). This Court defers to the trial court’s findings of historical fact unless those findings are clearly erroneous. Id. A finding of historical fact is clearly erroneous when this Court is left with the definite and firm conviction that a mistake has been made. Id.
I cannot conclude that clear error has been shown or reach the firm conviction that a mistake has been made. The presence of three armed police officers in a bedroom with defendant after defendant had already been confronted with the information that they were from a narcotics investigation unit that was investigating money that had been sent by means of Federal Express was more than enough to communicate to defendant that he was the target of their investigatory efforts and that he was not free to leave. I would affirm the ruling suppressing evidence of defendant’s statements to the police in the apartment interrogation.

 See Miranda v Arizona, 384 US 436, 444; 86 S Ct 1602; 16 L Ed 2d 694 (1966).