# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v

JOHN EDWARD BARRITT,

      Defendant-Appellee.

FOR PUBLICATION
February 14, 2017

No. 333206
Genesee Circuit Court
LC No. 15-038224-FC

Before: K. F. KELLY, P.J., and GLEICHER and SHAPIRO, JJ.

K. F. KELLY, P.J. (*dissenting*).

      I respectfully dissent. Because defendant was not in custody at the time of his statement, he was not entitled to a *Miranda*[1] warning. I would reverse.

      In order to determine whether someone was "in custody" this Court must consider "the totality of the circumstances, with the key question being whether the defendant reasonably believed that he was not free to leave." *People v Mendez*, 225 Mich App 381, 382-383; 571 NW2d 528 (1997). See also *People v Steele*, 292 Mich App 308, 316-317; 806 NW2d 753 (2011). When considering the totality of the circumstances, this Court must consider "the objective circumstances of the interrogation, not [] the subjective views harbored by either the interrogating officers or the person being questioned." *Stansbury v California*, 511 US 318, 323; 114 S Ct 1526; 128 L Ed 2d 293 (1994). Specifically, the Court has held that *Miranda* warnings need not be imposed "simply because the questioning takes place in the station house, or because the questioned person is one whom the police suspect." *Oregon v Mathiason*, 429 US 492, 495; 97 S Ct 711; 50 L Ed 2d 714 (1977). Rather, the Court in *Miranda* revealed that it was concerned with an atmosphere that would "generate 'inherently compelling pressures which work to undermine the individual's will to resist and to compel him to speak where he would not otherwise do so freely.' " *Illinois v Perkins*, 496 US 292, 296; 110 S Ct 2394; 110 L Ed 2d 243 (1990), quoting *Miranda*, 384 US at 467. As mentioned, these circumstances have been limited to where the objective facts of the interrogation reveal that a defendant would not feel free to end the interrogation of his own free will and leave. See *Steele*, 292 Mich App at 316-317.

---

[1] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

Given the factual circumstances surrounding the present case, defendant's interview was not a "custodial interrogation" requiring *Miranda* warnings for admissibility. Of specific importance is that defendant agreed to voluntarily come to the police station to answer questions. Furthermore, defendant agreed to ride in a marked police car. During the interview with the police, defendant was placed in a room that was not locked or secured, and in which the various officers in the building felt free to come and go at their own leisure. Defendant was offered a beverage, officers came in the room to ask the other officers about pizza orders, and defendant repeatedly indicated that he wanted to help the investigation as much as possible. Defendant was not restrained in any manner during the interview and was never told he was under arrest or that he was not free to leave. In fact, as conceded by defense counsel at oral argument, he was told twice that he could "end this at any time" and that he was not under arrest. A reasonable person presented with those circumstances would "reasonably believe[] that he was [] free to leave." *Mendez*, 225 Mich App at 382-383.

Similarly, in *Mathiason*, the defendant came to the police station willingly, was told that he was not under arrest, was taken to an office where the door was closed but not locked, and questioned while sitting at a desk with a police officer. Under these circumstances, the Court held that "there is no indication that the questioning took place in a context where [the defendant's] freedom to depart was restricted in any way." *Id*. at 495. Defendant in the present case was also at the police station willingly, taken to a room with the door closed but not locked, and was questioned at a desk across from a police officer. Although the defendant in *Mathiason* was specifically told that he was not under arrest at the start of the interrogation, and was allowed to leave after the interrogation, while defendant here was not provided the same courtesies, I do not find those factual differences to be determinative. Specifically, while defendant may not have been told he was not under arrest or allowed to leave the interview without being placed under arrest, he was subject to a casual environment that portrayed defendant's lack of arrest – he was not restrained and watched as the police officers interviewing him engaged in casual conversation with the other officers in the building.

In light of these circumstances, defendant's interview would not "generate 'inherently compelling pressures which work to undermine the individual's will to resist and to compel him to speak where he would not otherwise do so freely.' " *Perkins*, 496 US at 296, quoting *Miranda*, 384 US at 467. In other words, defendant had not "been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda*, 384 US at 444. As such, defendant was not in custody, and therefore, *Miranda* warnings were not required for the interview. The trial court should have denied defendant's motion to suppress defendant's statement.

/s/ Kirsten Frank Kelly