# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DAVID NATHANIEL BOYER,

Defendant-Appellant.

UNPUBLISHED
July 27, 2017

No. 330714
Wayne Circuit Court
LC No. 15-006546-01-FC

Before: MARKEY, P.J., and METER and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right his bench-trial convictions of two counts of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(a) (victim under 13 years old); three counts of second-degree criminal sexual conduct (CSC II), MCL 750.520c(1)(a) (victim under 13 years old); and one count of dissemination of sexually explicit matter to a minor, MCL 722.675. Defendant was sentenced to 25 to 50 years' imprisonment for the two CSC I convictions, 3 to 15 years' imprisonment for the three CSC II convictions, and 20 days (time served) in the Wayne County Jail for the conviction of dissemination of sexually explicit matter to a minor. Count I, a CSC I conviction, is to be served consecutively to Count IV, a CSC II conviction, and Count III, a CSC I conviction, is to be served consecutively to Counts V and VI, the other two CSC II convictions. We affirm.

This appeal arose out of two separate instances of sexual abuse of SLH, a minor, by defendant. Defendant raises several arguments on appeal, all which we find to be unpersuasive.

## I. CUSTODIAL INTERROGATION

First, defendant argues that he was subject to a custodial interrogation without first being apprised of his rights under *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966). Defendant claims that the trial court erred in finding otherwise and in ruling on defendant's motion for a new trial in the lower court. Accordingly, defendant claims, he is entitled to a new trial, without the admission of the incriminating statements he made, the written statement he gave during this "interrogation," and the video of the "interrogation" itself. We disagree.

Defendant failed to file a pretrial motion to suppress in the lower court; accordingly, this issue is unpreserved. See *People v Henry (After Remand)*, 305 Mich App 127, 144; 854 NW2d

-1-

114 (2014), and *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001). Generally, the question of whether a person was "in custody" such that *Miranda* warnings were required "is a mixed question of fact and law, which must be answered independently by the reviewing court after review de novo of the record." *People v Mendez*, 225 Mich App 381, 382; 571 NW2d 528 (1997). However, because this constitutional issue is unpreserved, this Court's review is limited to ascertaining whether plain error occurred that affected substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). To avoid forfeiture, there are three initial requirements: "1) error must have occurred, 2) the error was plain, i.e. clear or obvious, 3) and the plain error affected substantial rights." *Id*. at 763 (citation omitted). Generally, to show that the error affected substantial rights, it must be proven "that the error affected the outcome of the lower court proceedings." *Id*.

> The constitutional right against self-incrimination requires that
>
> the prosecution . . . not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. [*Miranda*, 384 US at 440.]

"To determine whether a defendant was 'in custody' at the time of the interrogation, we look at the totality of the circumstances, with the key question being whether the defendant reasonably believed that he was not free to leave." *Mendez*, 225 Mich App at 382-383. The analysis requires an examination of all of the facts surrounding the interview to determine how a reasonable person in the defendant's position would have gauged the breadth of his or her freedom of action. *Yarborough v Alvarado*, 541 US 652, 663; 124 S Ct 2140; 158 L Ed 2d 938 (2004).

In this case, it is clear that defendant was not under arrest when making the statements in question. He came to the police station on his own. Significantly, Detective Jessica Sabbadin informed defendant that he was *not* under arrest and was free to leave. After defendant made incriminating statements to Detective Sabbadin, she asked defendant to write down what he had told her. Defendant complied. After writing down his statement, defendant attempted to leave the interrogation room by opening the door and letting himself out. Although the interaction did not take place on camera, defendant can be heard speaking with a male officer; the audio is not particularly clear, but it seems the officer told defendant that Detective Sabbadin would be right back and asked him to wait for her in the room. Defendant then opened the door to the interrogation room and sat back down. Although defendant was asked not to leave, it does not appear from the video that he was *prohibited* from leaving. Moreover, he made the bulk of his inculpatory statements before he opened the door. Further, after the interview was over, and despite confessing to the interactions with SLH, defendant was not arrested or detained. When the circumstances surrounding the interview are viewed in totality, it is clear that a reasonable person would not have felt unable to terminate the interview and leave. Because defendant was not in custody, Detective Sabbadin was not required to inform defendant of his rights under

*Miranda*. Accordingly, the trial judge's finding that defendant was not subjected to a custodial interrogation without being informed of his rights under *Miranda* was not erroneous.

## II. CONSECUTIVE SENTENCING

Next, defendant argues that the imposition of consecutive sentences was not authorized by statute because the offenses for which consecutive sentencing was imposed did not arise from the same transaction. We disagree.

Defendant failed to preserve this sentencing issue for appeal by raising this issue "at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed" in this Court. *People v Clark*, 315 Mich App 219, 223-224; 888 NW2d 309 (2016) (quotation marks and citations omitted). Ordinarily, this Court reviews the imposition of consecutive sentences for an abuse of discretion. *People v Norfleet*, 317 Mich App 649, 664; ___ NW2d ___ (2016). However, because defendant failed to preserve this issue for appeal, this Court's review is limited to a plain-error analysis using the standard set forth in *Carines*, 460 Mich at 763. See *People v Callon*, 256 Mich App 312, 332; 662 NW2d 501 (2003).

"In Michigan, concurrent sentencing is the norm, and a consecutive sentence may be imposed only if specifically authorized by statute." *People v Deleon*, 317 Mich App 714, 721; ___ NW2d ___ (2016) (quotation marks and citations omitted). Consecutive sentencing for CSC I convictions is authorized by MCL 750.520b(3), which states:

> The court may order a term of imprisonment imposed under this section to be served consecutively to any term of imprisonment imposed for any other criminal offenses arising from the same transaction.

Thus, although consecutive sentencing is not required for CSC I convictions, the trial court may, in its discretion, impose a consecutive sentence. See, generally, *Deleon*, 317 Mich App 714. Although "[t]he term "same transaction" is not statutorily defined," it does have a temporal requirement, meaning that, "for multiple penetrations in a CSC case to be considered as part of the same transaction, they must be part of a continuous time sequence, not merely part of a continuous course of conduct." *Id*. at 722 (quotation marks, citations, and brackets omitted).

In this case, the trial court ordered Count I, a CSC I conviction, to run consecutively to Count IV, a CSC II conviction, and Count III, a CSC I conviction, to run consecutively to Count V and Count VI, CSC II convictions. The trial court had the authority to impose consecutive sentences because Count I and Count IV arose out of the same transaction, and Count III, Count V, and Count VI arose out of the same transaction. Specifically, Count I arose out of the first incident at defendant's apartment, where defendant applied personal lubricant in and around the victim's vagina and engaged in digital penetration of her vagina. Count IV arose out of the same incident at defendant's apartment, where defendant touched SLH's genitals with his fingers for sexual gratification. Accordingly, because defendant's CSC I conviction and CSC II conviction arising out of the incident in defendant's apartment were part of a continuing time sequence, statutory authority existed to sentence defendant to serve consecutive sentences. MCL 750.520b(3); *Deleon*, 317 Mich App at 722.

Similarly, Count III arose out of the second incident in the swimming pool where defendant lifted SLH out of the water of a swimming pool, pulled down her bathing suit bottoms, and licked her vagina. During the same incident in the swimming pool, defendant touched SLH's genital area over her swimsuit and had SLH touch his penis, which he had pulled out of his swim trunks. This exchange in the swimming pool gave rise to defendant's CSC II convictions for Count V and Count VI. Accordingly, because defendant's CSC I conviction and CSC II convictions arising out of the incident in the swimming pool were part of a continuing time sequence, statutory authority existed to sentence defendant to serve consecutive sentences. *Id*.; MCL 750.520b(3).

This case is factually distinct from *People v Bailey*, 310 Mich App 703, 725-726; 873 NW2d 885 (2015), where this Court determined that the trial court improperly ordered the defendant to serve a consecutive sentence for one of his four CSC I convictions. In *Bailey*, the defendant was convicted of four counts of CSC I relating to the digital-vaginal penetration of three victims, MB, AB, and BS. *Id*. at 709-711. The trial court ordered that the sentence for Count I, which related to the digital penetration of MB while she was under the age of 13, in violation of MCL 750.520b(1)(a), was to be served consecutively to Count II, Count III, and Count IV.[1] *Id*. at 711. This Court determined that the trial court did not have statutory authority to impose a consecutive sentence in that case because there was no evidence that the "defendant's commission of Count I occurred in the same transaction as the offense against AB," where the defendant "committed CSC I against MB between August 1, 2008, and November 2008" and AB "left for boarding school in August 2008." *Id*. at 725-726. Additionally, the commission of Count I did not "occur during the same transaction as the offense against BS . . ., who testified about a single occurrence in the summer of 2007." *Id*. at 726. Lastly, this Court determined that "[w]hile the jury convicted defendant of another count of CSC I against MB . . . in an approximately seven-year time period, there [was] no evidence in the record that MB was subject to several distinct acts of penetration sufficient to constitute the same transaction or that Count II was committed in the same transaction as Counts III or IV or both." *Id*. This Court vacated the defendant's sentence and remanded for resentencing on Count I "to a term of years that shall be served concurrently with his other sentences." *Id*. Conversely, in this case, as discussed above, it is clear that Count I and Count IV arose of the same transaction, namely, the incident at defendant's apartment, and Count III, Count V, and Count VI arose out of the same transaction, namely, the incident in the swimming pool. Thus, unlike in *Bailey*, the trial court here had statutory authority, pursuant to MCL 750.520b(3), to impose consecutive sentences for defendant's CSC I convictions for Count I and Count III.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next argues that because defense counsel did not object to the imposition of consecutive sentences as a "mistake of law," but instead agreed that defendant could be

---

[1] Count II related to another digital penetration of MB, Count III related to the digital penetration of AB, and Count IV related to the digital penetration of BS. *Bailey*, 310 Mich App at 710-711.

sentenced consecutively, his performance fell below an objective standard of reasonableness. We disagree.

As discussed above, the trial court relied on statutory authority to impose consecutive sentences. MCL 750.520b(3). Thus, it was not erroneous for defense counsel to fail to argue that the trial court was committing an error of law in imposing consecutive sentences. Indeed, to have raised such an objection would have been futile, and it is well-established that the failure to raise a futile objection does not constitute ineffective assistance of counsel. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

## IV. JUDICIAL FACT-FINDING

Lastly, defendant argues that he is entitled to a remand under *United States v Crosby*, 397 F3d 103, 117-118 (CA 2, 2005), pursuant to the principles enumerated in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), because the trial judge engaged in impermissible judicial fact-finding that increased defendant's sentence in violation of his Sixth Amendment rights. This issue is not included in defendant's "Statement of Questions Involved," but instead appears at the very end of his brief on appeal. Further, defendant fails to explain his position or cite to any instance of impermissible judicial fact-finding by the trial judge. Accordingly, this issue is not properly before this Court and is deemed waived. MCR 7.212(C)(5); *People v Fonville*, 291 Mich App 363, 383; 804 NW2d 878 (2011).

Regardless, we note defendant was sentenced, and resentenced, after *Lockridge*, which held that "*Crosby* remands are warranted only in cases involving sentences imposed on or before July 29, 2015, the date of today's decision." *Lockridge*, 498 Mich at 397. Defendant is not entitled to a *Crosby* remand based on the foregoing. He also has failed to demonstrate that he was sentenced in a manner that is inconsistent with *Lockridge*. Finally, defendant has failed to overcome the presumption that the trial court was aware of *Lockridge* when sentencing defendant. See, generally, *People v Alexander*, 234 Mich App 665, 675; 599 NW2d 749 (1999).

Affirmed.

/s/ Jane E. Markey
/s/ Patrick M. Meter
/s/ Douglas B. Shapiro