*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

JOSE NINO,

        Defendant-Appellee.

UNPUBLISHED
July 8, 2021

No. 344364
Wayne Circuit Court
LC No. 17-001718-01-AR

Before: JANSEN, P.J., and BOONSTRA and LETICA, JJ.

PER CURIAM.

## ON REMAND

This criminal proceeding is before us on remand for a determination of the merits of the prosecution's claim on appeal. We vacated our earlier determination of the matter because defendant was unrepresented on appeal and deprived of his right to appointed appellate counsel. With defendant now having the benefit of appellate counsel, we review the circuit court order affirming the district court's dismissal of the charge of manufacturing or delivering marijuana (less than five kilograms or fewer than 20 plants), MCL 333.7401(2)(d)(*iii*), against defendant. We affirm in part and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts and procedural history of this case were set forth in our previous opinion, *People v Nino*, unpublished per curiam opinion of the Court of Appeals, issued November 21, 2019 (Docket No. 344364), pp 1-2, vacated by *People v Nino*, unpublished order of the Court of Appeals, entered October 28, 2020 (Docket No. 344364):

> At approximately 2:30 a.m., on January 20, 2017, defendant was driving his vehicle with three unidentified female passengers inside. Detroit Police Officer Benjamin Atkinson and his partner observed defendant drive through two red lights, switch lanes without a turn signal, and speed. The officers conducted a traffic stop, intending to arrest defendant for reckless driving. Defendant provided his license, registration, and proof of insurance, and the officers ordered him out of

-1-

the vehicle while the passengers remained inside. The officers placed defendant in handcuffs and led him to the front of their vehicle, noting that defendant seemed nervous and fidgety and kept repeating, "I don't want any trouble."

Defendant's behavior made Officer Atkinson concerned for his safety and the safety of his partner, and one or both of the officers asked defendant if there was "anything in the vehicle that we should know about." Defendant admitted that there was marijuana in the vehicle. After securing the remaining passengers, the officers searched the vehicle and discovered a bag containing approximately 106 grams of marijuana, sandwich bags, and a scale. The officers arrested defendant for delivery or manufacture of a controlled substance and issued three citations for the traffic violations.

Following preliminary examination, the district court dismissed the controlled substance charge and declined to bind defendant over for trial, holding that the officers had violated defendant's rights under *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966), when they asked defendant if there was "anything" in the vehicle they should know about. Despite the prosecution's argument that the public-safety exception to *Miranda* applied, as the officers were objectively concerned for their safety, the district court held that the officers should have known the question was likely to elicit an incriminating response.

The prosecution appealed the district court's decision to the circuit court. The circuit court affirmed the district court's decision to dismiss the controlled substance charge, concluding that the officers' question was overly broad and intended as an investigatory inquiry rather than to dispel a specific safety concern.

The prosecution sought leave to appeal the June 1, 2018 circuit court order affirming the district court's dismissal of the drug charge against defendant. This Court remanded the matter so defendant could request the appointment of counsel, *People v Nino*, unpublished order of the Court of Appeals, entered July 10, 2018 (Docket No. 344364); however, defendant made no request and no attorney appeared on his behalf, and this Court granted the prosecution leave to appeal. *People v Nino*, unpublished order of the Court of Appeals, entered October 31, 2018 (Docket No. 344364). We issued our previous opinion, affirming in part, reversing in part, and remanding for further proceedings. *Nino*, unpub op at 5.

Defendant sought leave to appeal in the Michigan Supreme Court, and the Supreme Court remanded the case with directions that this Court hold the matter in abeyance pending a decision in *People v Haywood* (Docket No. 345243). *People v Nino*, 505 Mich 1067, 1067; 943 NW2d 97 (2020). *Haywood* also concerned an appeal that occurred without the defendant being represented by counsel. See *People v Haywood*, unpublished per curiam opinion of the Court of Appeals, issued March 18, 2021 (Docket No. 345243). Thus, we vacated our prior decision in this matter, and remanded for the appointment of appellate counsel for defendant. *People v Nino*, unpublished order of the Court of Appeals, entered October 28, 2020 (Docket No. 344364). Defendant is now represented by counsel, and filed a brief on appeal, to which the prosecution has filed a reply.

## II. ANALYSIS

The prosecution argues that the district court abused its discretion by refusing to bind over defendant for trial for manufacturing or delivering marijuana (less than five kilograms or fewer than 20 plants).

We will not disturb a district court's decision whether to bind a defendant over for trial absent an abuse of discretion. *People v Green*, 260 Mich App 710, 713; 680 NW2d 477 (2004). An abuse of discretion occurs when the district court's decision falls outside the range of principled outcomes. *People v Shami*, 501 Mich 243, 251; 912 NW2d 526 (2018). The circuit court's decision whether the district court abused its discretion regarding its bindover decision is reviewed de novo. *People v Norwood*, 303 Mich App 466, 468; 843 NW2d 775 (2013). Questions of law are also reviewed de novo, *People v Armisted*, 295 Mich App 32, 37; 811 NW2d 47 (2011), as are constitutional issues and the application of the exclusionary rule, *People v Campbell*, 329 Mich App 185, 192; 942 NW2d 51 (2019).

First, we must consider whether defendant's statement that he was in possession of marijuana was admissible. For this issue, we rely on our analysis from our previous opinion, and conclude that defendant was subject to custodial interrogation before he was given his *Miranda* warnings, the public-safety exception does not apply, and defendant's statement should be suppressed. *Nino*, unpub op at 4-5.

> In this case, there is no challenge to the validity of the initial traffic stop. An officer may temporarily detain a person to confirm or dispel an articulable reasonable suspicion that a criminal activity has recently been or is currently being committed, *Terry v Ohio*, 392 US 1, 30; 88 S Ct 1868; 20 L Ed 2d 889 (1968), even if the crime is a mere traffic violation, *Whren v US*, 517 US 806, 810; 116 S Ct 1769; 135 L Ed 2d 89 (1996). Officers may also order the driver and passengers out of a lawfully detained vehicle without further evidence of a crime. *Maryland v Wilson*, 519 US 408, 415; 117 S Ct 882; 137 L Ed 2d 41 (1997); *Pennsylvania v Mimms*, 434 US 106, 110-111; 98 S Ct 330; 54 L Ed 2d 331 (1977). The officers in this case witnessed defendant commit a series of traffic violations, giving them probable cause to conduct a traffic stop. Therefore, the officers were lawfully able to order defendant out of the vehicle and, given that the totality of defendant's infractions led the officers to conclude that he was engaging in reckless driving, secure him in handcuffs. See MCL 764.15(1)(a) (providing that an officer may arrest a person without a warrant for a felony, misdemeanor, or ordinance violation committed in the officer's presence).

> \* \* \*

> Both the United States Constitution and Michigan Constitution guarantee the right against self-incrimination. US Const, Am V; Const 1963, art I, § 17. The United States Supreme Court in *Miranda* established further procedural safeguards to protect this right by prohibiting prosecutors from using statements obtained during the custodial interrogation of a suspect unless the suspect has first been informed of his or her rights. *Miranda*[, 384 US at 444.] For *Miranda* protections

to apply, the suspect must be in "custody" such that a defendant would "reasonably believe[] that he was not free to leave," *People v Mendez*, 225 Mich App 381; 382[-]383; 571 NW2d 528 (1997), and must be subject to "interrogation" by "any words or actions on the part of the police . . . that the police should know are reasonably likely to elicit an incriminating response from the suspect," *Rhode Island v Innis*, 446 US 291, 301; 100 S Ct 1682; 64 L Ed 2d 297 (1980).

There is no dispute that defendant was "in custody" for the purposes of *Miranda*. Additionally, defendant was not provided *Miranda* warnings before the officers questioned him. Our Supreme Court has been clear that "[i]f [a] custodial interrogation is not preceded by an adequate warning, statements made during the custodial interrogation may not be introduced into evidence at the accused's criminal trial." *People v Elliott*, 494 Mich [] 292, 301; 833 NW2d 284 (2013). Therefore, any statements made by defendant would be inadmissible absent some exception to the exclusionary rule. Indeed, the prosecution argues that officers' questioning of defendant falls under the public-safety exception to *Miranda*.

The public-safety exception to *Miranda* is well established in Michigan jurisprudence. To give officers flexibility to make quick, on-the-scene judgment calls, this exception allows officers to ask "objectively reasonable question[s] necessary to protect the police or the public from an immediate danger" without first advising suspects of their rights. *People v Attebury*, 463 Mich 662, 671-672; 624 NW2d 912 (2001). Such questions are not considered interrogations under *Miranda* as long as they are "necessary to secure [the officers'] safety or the safety of the public and [not] designed solely to elicit testimonial evidence from a suspect." *New York v Quarles*, 467 US 649, 658-659; 104 S Ct 2626; 81 L Ed 2d 550 (1984). Of course, officers acting in the line of duty cannot always craft their questions with such a singular intent. The Court in *Quarles* noted that an officer's motivations are often complex. "Undoubtedly most police officers . . . would act out of a host of different, instinctive, and largely unverifiable motives—their own safety, the safety of others, and perhaps as well the desire to obtain incriminating evidence from the suspect." *Id*. at 656. However, because officers often need to respond quickly "where spontaneity rather than adherence to a public manual is necessarily the order of the day," the Court held that "the availability of [the public-safety] exception does not depend upon the motivation of the individual officer involved." *Id*. at 656. Therefore, as long as officers "ask questions reasonably prompted by a concern for the public safety," the public-safety exception can still apply even when officers also intended to elicit incriminating evidence. *Id*. [*Nino*, unpub op at 3-4.]

The exception has historically been applied when officers had an articulable reason to believe that the suspect was armed and dangerous. See *Quarles*, 467 US at 651-652, 657 (the suspect was found wearing an empty shoulder holster and a lost firearm posed a significant risk to the public); *Attebury*, 463 Mich at 664-666, 673 (the defendant was reportedly armed and had threatened to shoot his wife, so the exception applied because officers had an articulable suspicion that the defendant could access hidden weapons while retrieving clothes from drawers).

-4-

In contrast, the officers in this case had no articulable reason to believe that this particular defendant was potentially armed or dangerous. The officers conducted a traffic stop because they observed defendant violate traffic laws. The dark conditions, unsecured passengers, and defendant's nervous behavior could objectively make the officers generally concerned for their safety. However, the officers had no reason to suspect that defendant was armed or dangerous.[1] In fact, there is nothing to suggest that defendant was not compliant with any of the officers' requests. When the officers conducted the stop, defendant provided a valid license, registration, and proof of insurance. No testimony was presented at the preliminary hearing to suggest that the officers suspected that defendant was armed, and their question was not aimed to discover any weapons. Rather, the officers asked a vague, catch-all question, asking for "anything" they "should know about," which defendant reasonably understood to include drugs. The officers should have known that the question was just as likely to elicit incriminating evidence as it was to secure a threat. Therefore, it was not outside the range of reasoned and principled outcomes for the district court to conclude that defendant was subjected to a custodial interrogation prior to being advised of his rights under *Miranda*, and therefore, his responsive statement should be suppressed. [*Nino*, unpub op at 4-5.[2]]

This, however, does not end our analysis. We must next consider whether the physical evidence, the marijuana found in the vehicle, was nonetheless admissible. As an initial matter, defendant argues that the prosecution has forfeited any argument on appeal that the evidence found in the vehicle was admissible following a *Miranda* violation because the prosecution never addressed in the lower courts whether defendant's statement was voluntarily made. We agree that the prosecution did not make this specific argument below; however, the prosecution did ultimately argue that all of the evidence—verbal and physical—should be admitted. Regardless, this Court has the authority to raise issues sua sponte, and to overlook preservation requirements in the interests of justice. *People v Gioglio*, 296 Mich App 12, 17-18; 815 NW2d 589 (2012), vacated in part on other grounds 493 Mich 864 (2012). This Court has "broad authority to take corrective action with regard to lower court proceedings," and can "order the trial court to make findings and address issues that were not raised" by the parties in the trial court. *Id*. at 17. The fact that an issue was not raised below does "not necessarily preclude this Court from granting relief." *Id*. at 18.

Nonetheless, we agree with defendant that a remand is necessary for an evidentiary hearing regarding the admissibility of the physical evidence. "Physical evidence obtained as a result of an unwarned statement remains admissible as long as the statement was voluntary." *Campbell*, 329 Mich App at 205. "It is only the physical fruits of an actually coerced statement that must be suppressed to serve the deterrent purpose of the exclusionary rule." *Id*. Here, there was no

---

[1] Defendant was described as "timid," and defendant said to the officers that he did not want any trouble.

[2] This conclusion renders unnecessary any discussion of the prosecution's argument that the automobile exception to the search warrant requirement applied.

discussion by the parties or a determination made by the district court regarding the voluntariness of defendant's statement to the police. This is an issue best put to the district court in the first instance. See *People v Shipley*, 256 Mich App 367, 372-373; 662 NW2d 856 (2003) ("When reviewing a trial court's determination of the voluntariness of inculpatory statements, this Court must examine the entire record and make an independent determination, but will not disturb the trial court's factual findings absent clear error.").

## III. CONCLUSION

We affirm the circuit court's order to the extent that defendant's unwarned statement is "subject to suppression[.]" However, we remand for the circuit court to remand to the district court for an evidentiary hearing on whether the physical evidence obtained as a result of defendant's unwarned statement must be suppressed.

Affirmed in part and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Mark T. Boonstra
/s/ Anica Letica