PEOPLE v LEWIS

Docket No. 150292. Submitted April 6, 1993, at Detroit. Decided May 4, 1993, at 9:05 A.M.

Henry Lewis was charged in the Detroit Recorder's Court with possessing with intent to deliver less than fifty grams of cocaine and possessing a firearm during the commission of a felony. The defendant moved to suppress evidence of cocaine found in a bag that he discarded when police officers chased him after he fled toward an apartment building upon sight of the officers. The court, Helen E. Brown, J., granted the motion, ruling that the pursuit constituted a seizure that was unlawful under the Fourth Amendment and that evidence of the cocaine, being a result of the pursuit, must be suppressed. The prosecution appealed.

The Court of Appeals *held:*

For purposes of the Fourth Amendment, a seizure of a suspect occurs when a police officer applies physical force to restrain the suspect or the suspect submits to the officer's show of authority. Because neither situation occurred in this case before the defendant discarded the bag of cocaine, the trial court clearly erred in granting the motion to suppress.

Reversed and remanded for further proceedings.

SEARCHES AND SEIZURES — PHYSICAL FORCE — SUBMISSION TO AUTHORITY.

For purposes of the Fourth Amendment, a seizure of a suspect occurs when a police officer applies physical force to restrain the suspect or the suspect submits to the officer's show of authority (US Const, Am IV).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Jeffrey Ca-*

REFERENCES
Am Jur 2d, Searches and Seizures § 50.
See ALR Index under Search and Seizure.

*minsky,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Charles J. Booker*), for the defendant.

Before: Hood, P.J., and Brennan and Corrigan, JJ.

Per Curiam. Defendant was charged with possessing with intent to deliver less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401) (2)(a)(iv), and possessing a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Before trial, defendant moved to suppress the evidence against him. Following a hearing on defendant's motion, the trial court suppressed the evidence. The trial court subsequently entered an order of dismissal. The people appeal as of right, and we reverse.

On the evening of October 16, 1991, plain-clothes officers Joseph Duncan and Ernest Dreary of the Detroit Police Department were on routine patrol in a partially marked police vehicle. As the two officers were driving, they saw defendant standing in front of an apartment building located at 1340 East Grand Boulevard. When defendant saw the police car, he turned and began to run back toward the apartment complex. The officers gave chase in their automobile. Crossing over a parking curb, Dreary drove the patrol car toward the apartment building. Apparently, it was then that the officers saw defendant discard a small, clear plastic bag. While Duncan left the patrol car to recover the abandoned bag, Dreary got out of the vehicle and chased defendant on foot. Dreary detained defendant moments later as defendant attempted to unlock the door of the apartment build-

ing. A subsequent search of defendant revealed a revolver. The plastic bag, which was recovered by Duncan, contained cocaine.

The people's sole claim on appeal is that the trial court erred in suppressing evidence of the contents of the plastic bag. The people contend that the police pursuit of defendant did not amount to a "seizure" within the meaning of the Fourth Amendment. Consequently, the people argue that the trial court erred in suppressing the evidence that was discarded by defendant during the chase. A trial court's decision to suppress evidence will not be disturbed unless the ruling was clearly erroneous. *People v Chambers,* 195 Mich App 118, 121; 489 NW2d 168 (1992); *People v Armendarez,* 188 Mich App 61, 65; 468 NW2d 893 (1991). A decision is clearly erroneous if, although there is evidence to support it, an appellate court is left with a definite and firm conviction that a mistake has been made. *People v Rasmussen,* 191 Mich App 721, 724; 478 NW2d 752 (1992).

The trial court in the case at bar determined that defendant was "seized" when the police began pursuing him. Because the trial court concluded that defendant had discarded the plastic bag containing the cocaine after this "seizure," it ruled that the bag was the fruit of an illegal seizure and subject to suppression. The people disagree with this ruling by the trial court, asserting that a "seizure" under the Fourth Amendment of the United States Constitution does not occur until the officer has actually gained control of the defendant. Citing as authority the recent pronouncement of the United States Supreme Court in *California v Hodari D,* 499 US —; 111 S Ct 1547; 113 L Ed 2d 690 (1991), the people argue that defendant had not been seized by the police at the time that

he abandoned the plastic bag containing the cocaine. We agree.

In *Hodari D,* a group of youths, including Hodari D., fled when they noticed an unmarked police car approaching them. Officer Jerry Pertoso gave chase on foot. As Hodari D. attempted to evade Pertoso, he discarded a rock of cocaine. Moments later, Hodari D. was tackled by Pertoso. The Supreme Court, reversing the decision of the California Court of Appeals, held that Hodari D. was not seized for purposes of the Fourth Amendment until he was tackled by Pertoso and that, therefore, the rock of cocaine that had been abandoned during the chase was not fruit of an illegal seizure. 111 S Ct 1552. The Supreme Court made clear that the actual pursuit of a person did not amount to a seizure under the meaning of the Fourth Amendment of the United States Constitution. 111 S Ct 1550-1551. Instead, the Court stated that to constitute a seizure for purposes of the Fourth Amendment there must be either the application of physical force or the submission by the suspect to an officer's show of authority. *Id.* The Court held as follows:

> The language of the Fourth Amendment, of course, cannot sustain respondent's contention. The word "seizure" readily bears the meaning of a laying on of hands or application of physical force to restrain movement, even when it is ultimately unsuccessful. ("She seized the purse-snatcher, but he broke out of her grasp.") It does not remotely apply, however, to the prospect of a policeman yelling "Stop, in the name of the law!" at a fleeing form that continues to flee. That is no seizure. [111 S Ct 1550.]

In the instant case, contrary to the findings of the trial court, defendant was not seized until

Dreary actually laid his hands on him outside the door of the apartment building. Even if we assume that the officers' pursuit of defendant amounted to a show of authority, because defendant did not submit to that show of authority, no seizure occurred until Dreary physically took hold of him. 111 S Ct 1552; see also *Brower v Inyo Co,* 489 US 593; 109 S Ct 1378; 103 L Ed 2d 628 (1989). Inasmuch as the plastic bag was abandoned while defendant attempted to evade the officers' pursuit and before he was actually seized, the contents of the plastic bag may not be suppressed as the fruit of an illegal detention of defendant. *Hodari D, supra,* 111 S Ct 1552; see also *People v Mamon,* 435 Mich 1; 457 NW2d 623 (1990). Accordingly, we find that the trial court's decision to suppress evidence of the contents of the plastic bag was clearly erroneous. We reverse the decision of the trial court and remand for further proceedings consistent with this opinion.

Reversed and remanded.