# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KEVIN DUNSON,

Defendant-Appellant.

UNPUBLISHED
August 10, 2017

No. 330238
Wayne Circuit Court
LC No. 15-001582-01-FH

Before: STEPHENS, P.J., and K. F. KELLY and MURRAY, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions of carrying a concealed weapon (CCW), MCL 750.227, felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b. The trial court sentenced defendant to five years' probation for the CCW and felon-in-possession convictions, and five years' imprisonment for the felony-firearm conviction. We affirm.

Defendant argues that the evidence of his firearm possession should have been suppressed because the police officers' actions in initiating a foot chase before he discarded the firearm constituted a warrantless seizure unsupported by reasonable suspicion. Defendant failed, however, to preserve this argument by filing a motion to suppress the evidence. *People v Unger*, 278 Mich App 210, 243; 749 NW2d 272 (2008). Therefore, the issue is unpreserved. This Court reviews unpreserved constitutional issues "for plain error affecting a defendant's substantial rights." *People v Bosca*, 310 Mich App 1, 47; 871 NW2d 307 (2015). "In order for a defendant to establish plain error, he must show that (1) an error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected substantial rights." *People v Johnson*, 315 Mich App 163, 197; 889 NW2d 513 (2016). "Additionally, reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *People v Clark (On Remand)*, 315 Mich App 219, 224; 888 NW2d 309 (2016).

As this Court recently explained in *People v Mahdi*, 317 Mich App 446, 457-458; 894 NW2d 732 (2016):

> The United States and Michigan Constitutions protect against unreasonable searches and seizures. US Const, Am IV; Const 1963, art 1, § 11. The Fourth Amendment to the United States Constitution provides, "The right of

-1-

the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." The corresponding provision of the Michigan Constitution provides, in part, "The person, houses, papers and possessions of every person shall be secure from unreasonable searches and seizures." Const 1963, art 1, § 11. Whether a search or a seizure is lawful depends on whether it is reasonable. *People v Nguyen,* 305 Mich App 740, 751; 854 NW2d 223 (2014). Therefor, "a search for purposes of the Fourth Amendment occurs when the government intrudes on an individual's reasonable, or justifiable, expectation of privacy." *People v Antwine,* 293 Mich App 192, 195; 809 NW2d 439 (2011) (citation and quotation marks omitted).

"Thus, in any given Fourth Amendment case, there are two general inquiries to be made: (1) whether a 'search or seizure' of a person, area, or object protected by the amendment occurred, and (2) if so, whether that search or seizure was unreasonable." *People v Frederick (On Remand)*, 313 Mich App 457, 464-465; 886 NW2d 1 (2015) rev'd on other grounds by ___ Mich ___; 895 NW2d 541 (2017).

We first consider whether defendant has standing under the Fourth Amendment to challenge the admissibility of the firearm evidence. See *People v Mamon*, 435 Mich 1, 5-6; 457 NW2d 623 (1990) (opinion by RILEY, C.J.). "This initial standing inquiry depends upon whether the defendant has a reasonable expectation of privacy in the particular goods at issue." *Id*. at 6. "A court determines the issue of standing by examining the totality of the circumstances, and a defendant bears the burden of establishing that he has standing." *Mahdi*, 317 Mich App at 459. "A person can deprive himself of standing by abandoning the object of the search or seizure." *People v Zahn*, 234 Mich App 438, 448; 594 NW2d 120 (1999).

In *Mamon*, 435 Mich at 3, the defendant challenged the introduction of a discarded bag containing illegal drugs. The Court concluded that "the defendant unquestionably relinquished any reasonable expectation of privacy in the bag and its contents when he voluntarily reached into his right pocket and discarded the bag." *Id*. at 7. Similarly, in this case, defendant pulled the gun from his jacket and voluntarily threw it over a fence, thereby relinquishing any reasonable expectation of privacy in the gun. See *Mamon*, 435 Mich at 7. Because defendant abandoned the gun, he lacks standing to challenge the introduction of the gun under the Fourth Amendment. See *id*.

Nonetheless, as in *Mamon*, 435 Mich at 7-8, defendant contends that he was unlawfully seized before the abandonment occurred and, therefore, the gun should have been suppressed. Moreover, if the police officers' actions before defendant discarded the gun were coercive in nature, it would nullify any claim of abandonment because "defendant's actions cannot be used to dissipate the taint flowing from the unreasonable police conduct." *People v Shabaz*, 424 Mich 42, 66; 378 NW2d 451 (1985). Thus, it is necessary to determine whether the police officers' conduct before the abandonment constituted a seizure.

"The Fourth Amendment applies to all seizures of a person, including seizures that involve only a brief detention, short of traditional arrest." *Shabaz*, 424 Mich at 52. "A 'seizure'

within the meaning of the Fourth Amendment occurs only if, in view of all the circumstances, a reasonable person would have believed that he was not free to leave." *People v Jenkins*, 472 Mich 26, 32; 691 NW2d 759 (2005).

In *Shabaz*, 424 Mich at 66, the Court concluded that when the officers began their pursuit of the defendant, the defendant's freedom was restricted. However, in *Mamon*, a three-Justice lead opinion held that a police chase on foot does not automatically constitute a seizure. *Mamon*, 435 Mich at 11 (opinion by RILEY, C.J.). Rather, the police must exhibit some "show of authority which would indicate to a reasonable person that he was not free to leave." *Id*. at 12. The Court listed factors that would constitute a show of authority, including the police activating a siren or flasher, commanding the defendant to halt, displaying weapons, and attempting to force the defendant to run in a direction other than the one chosen by him when he decided to flee. *Id*.[1] More recently, however, this Court explained that

> [t]he Supreme Court made clear that the actual pursuit of a person did not amount to a seizure under the meaning of the Fourth Amendment of the United States Constitution. Instead, the Court stated that to constitute a seizure for purposes of the Fourth Amendment there must be either the application of physical force or the submission by the suspect to an officer's show of authority. [*People v Lewis*, 199 Mich App 556, 559; 502 NW2d 363 (1993) (citations omitted).]

In *Lewis*, this Court concluded that the defendant was not seized until the officer "actually laid his hands on him[.]" *Id*. at 559-560.

In this case, the officers drove their fully-marked scout car alongside defendant and his companion. The officers stopped the car in front of the individuals and Officer Johnny Hannah illuminated the individuals with his flashlight. The individuals started to run and Hannah, who was wearing a modified uniform, pursued them. There was no evidence that the officers activated their siren or lights, commanded defendant to halt, displayed any weapons, or forced defendant to run in a direction other than the one chosen by him when he decided to flee. Thus, under *Mamon*, the police chase did not constitute a seizure.

Defendant relies on the fact that the police car was marked, the officers were wearing uniforms, and the officers used their flashlight. Those factors were not, however, listed in *Mamon* as examples of conduct that would display authority. Moreover, the fact that a police car is marked, that officers are wearing uniforms, or that the officers use a flashlight would not lead a reasonable person to conclude that he was not free to leave. Similarly, although the officers stopped in front of defendant, causing him to alter his path, this occurred before his flight. The officers did not force defendant to run in a direction different than the one he chose when he decided to flee. Accordingly, as in *Mamon*, there was no show of authority that transformed the police chase into a seizure. Rather, under *Lewis*, defendant was not seized until Hannah told defendant to get down from the fence and defendant complied. This did not occur until after

---

[1] The concurring Justice distinguished between police chases by vehicle and police chases by foot. *Mamon*, 435 Mich at 18-19 (BRICKLEY, J., concurring).

defendant discarded the firearm. Therefore, defendant's abandonment was not the result of the seizure. Accordingly, defendant lacked standing to challenge the firearm evidence. Because the police chase before defendant discarded the gun did not constitute a seizure for purposes of the Fourth Amendment, it is unnecessary to consider whether the officers had reasonable suspicion.

Given that the admission of the firearm evidence was not erroneous, defendant's argument that his trial counsel was ineffective by failing to file a motion to suppress the evidence of his alleged firearm possession also fails.

Defendant failed to preserve his challenge to the effectiveness of his trial counsel by moving for a new trial or a *Ginther*[2] hearing. *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014). Where claims of ineffective assistance of counsel have not been preserved, this Court's review is limited to errors apparent on the record. *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004).

> The United States Supreme Court has set forth a two-prong test to determine whether counsel was ineffective in a given case. First, defendant must prove that his trial counsel failed to meet an objective standard of reasonableness based on "prevailing professional norms." Second, defendant must establish prejudice, which is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." [*Lopez*, 305 Mich App at 694 (citations omitted).]

Trial counsel did not file a motion to suppress, but such a motion would have been meritless because the police chase did not constitute a seizure for purposes of the Fourth Amendment. "[T]rial counsel is not ineffective for failing to make a futile motion." *People v Horn*, 279 Mich App 31, 42 n 5; 755 NW2d 212 (2008).

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).