621 N.W.2d 214 (2000)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Robert WILLIAMS, Defendant-Appellant.
No. 116769, COA No. 224579.
Supreme Court of Michigan.
December 27, 2000.
On order of the Court, the application for leave to appeal from the April 10, 2000 decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.
CAVANAGH and KELLY, JJ., would remand the case to the Court of Appeals for consideration as on leave granted.
CORRIGAN, J., dissents and states as follows:
I would remand to the Court of Appeals for consideration as on leave granted. Defendant argues that M.C.L. § 768.7a(2); MSA 28.1030(1)(2) does not prescribe consecutive sentencing for a state offense he committed while on "supervised release" rather than "parole" from a federal term of imprisonment. The plain text of the statute supports defendant's view. If the Legislature believes that consecutive sentencing for crimes committed during federal supervised release would deter criminal activity, then that body is free to amend the statute accordingly.
MCL 768.7a(2); MSA 28.1030(1)(2) states:
If a person is convicted and sentenced to a term of imprisonment for a felony committed while the person was on parole from a sentence for a previous offense, the term of imprisonment imposed for the later offense shall begin to run at the expiration of the remaining portion of the term of imprisonment imposed for the previous offense. [Emphasis added.]
Even though the statute plainly refers to parole, not supervised release, the trial court rejected defendant's argument: "Although Supervised Release in the Federal system of criminal justice may have procedures and policies and practices that are distinguishable from that of the State of Michigan, it is merely `parole' for purposes of M.C.L. § 768.7a(2)." The court stated that the statute should be construed liberally to effectuate its purpose of deterrence.
I do not question the deterrence purpose underlying our consecutive sentencing statute. Nor do I question the holding in People v. Phillips, 217 Mich.App. 489, 552 N.W.2d 487 (1996), that the statute applies to persons on parole from federal sentences.
Nonetheless, I cannot endorse a "liberal" construction that reads into the statute words that plainly are not there. A court's obligation when examining a statute is to discern the legislative intent that may reasonably be inferred from the text of the statute itself. People v. McIntire, 461 Mich. 147, 152-153, 599 N.W.2d 102 (1999). "When a legislature has unambiguously conveyed its intent in a statute, the statute speaks for itself and there is no need for judicial construction; the proper role of a court is simply to apply the terms of the statute to the circumstances in a particular case." Id., p. 153, 599 N.W.2d 102. Nontextual modes of construction invariably lead to judicial speculation about the Legislature's unstated intent and the injection of the court's own policy preferences. Id.
The text of the consecutive sentencing statute contains no reference to federal supervised release. The United States Supreme Court has explained that supervised release is not identical to parole. "Supervised release is a unique method of post-confinement supervision invented by the Congress for a series of sentencing reforms...." Gozlon-Peretz v. United *215 States, 498 U.S. 395, 407, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991) (emphasis added). Congress eliminated most forms of parole and replaced them with a new supervised release system. Id. at 400, 111 S.Ct. 840.
The sentencing court, rather than the parole commission, oversees post-confinement monitoring for supervised release. Id. at 400-401, 111 S.Ct. 840. Our parole scheme, by contrast, vests exclusive jurisdiction over parole matters in the Department of Corrections, with only limited review by the judiciary. Hopkins v. Parole Bd., 237 Mich.App. 629, 646, 604 N.W.2d 686 (1999).
See also Johnson v. United States, 529 U.S. 694, ___, 120 S.Ct. 1795, 1814, 146 L.Ed.2d 727 (2000) (Scalia, J., dissenting) (noting the considerable differences between parole and supervised release, including the fact that "[u]nlike parole, which replaced a portion of a defendant's prison sentence, supervised release is a separate term imposed at the time of initial sentencing").
Given these authorities, I cannot accept the proposition that supervised release is only nominally different from parole. I would therefore remand this matter for plenary consideration by our Court of Appeals.
It may well be sound policy to deter persons on supervised release from violating our criminal laws; judges may not, however, rewrite a statute merely because we think the Legislature meant to say something other than what it enacted. When courts try to divine an unstated, but probable, legislative intent, we invariably inject our own policy preferences and disregard the Legislature's constitutional role in our system of government. McIntire, supra at 153, 599 N.W.2d 102. The people's elected representatives can easily amend the statute if they wish.