# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TYRONE MCKENSEY CLARK,

Defendant-Appellant.

FOR PUBLICATION
April 19, 2016
9:30 a.m.

No. 322852
Ottawa Circuit Court
LC No. 13-037767-FH

Before: O'CONNELL, P.J., and MARKEY and MURRAY, JJ.

MARKEY, J.

Defendant appeals by leave granted a judgment of sentence in which the trial court ordered defendant to serve, on his guilty plea to delivery of less than 50 grams of cocaine, second offense, MCL 333.7401(2)(a)(*iv*); MCL 333.7413(2), 38 months to 240 months' imprisonment consecutive to a federal sentence that defendant was serving. Defendant argues that his federal supervised release was not "parole" under MCL 768.7a(2); therefore, the trial court erred by ordering his sentence to run consecutively to the federal sentence. Defendant also asserts the trial court erred by not awarding him credit for time he served before sentencing. We agree in part and remand for resentencing.

## I. SUMMARY OF FACTS AND PROCEEDINGS

As a result of a police investigation between July 2013 and September 2013, defendant was charged with delivering less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*), and possession of marijuana, MCL 333.7403(2)(d). The prosecution gave notice that these charges were subject to second-offense enhancement pursuant to MCL 333.7413(2).

At the time of defendant's arrest, he was on federal supervised release because of his 2004 conviction for delivery of cocaine and felon-in-possession of a firearm. Defendant was sentenced on these federal offenses to 110 months in federal prison followed by a three year

-1-

supervised release term.[1]  Defendant remained incarcerated until his supervised release term began on August 16, 2012, and which was scheduled to expire on August 5, 2015.

On February 28, 2014, defendant pleaded guilty in the present case to delivery of less than 50 grams of cocaine, second offense, in exchange for the dismissal of the possession of marijuana charge.  The prosecutor also agreed not to bring any further charges in this case (e.g., fleeing and eluding).  In establishing a factual basis for his plea, defendant admitted to delivering cocaine to another individual on July 2, 2013, and also admitted that he had previously been convicted of possession of marijuana under Michigan's Controlled Substances Act.  The trial court accepted defendant's guilty plea.

At his sentencing proceeding on May 14, 2014, defendant admitted that he was on "parole" at the time he committed the charged offense.  But defendant also stated that he believed the recommended sentence was "absurd" because he was never informed about a "mandatory consecutive sentence."  The trial court explained to defendant that Michigan law required "that any offense committed while on parole status  . . . be consecutive to parole."  Thus, when imposing sentence, the trial court explained that the ordered period of imprisonment "begins upon the conclusion of [the sentence for] the crime for which you were on parole."

On May 23, 2015, defendant moved in propria persona for resentencing on the basis that he was not on "parole" at the time of sentencing.  The trial court issued an opinion and order denying defendant's motion on May 29, 2014.  The trial court noted that defendant's presentence investigation report (PSIR) confirmed that defendant "was on parole status" when he committed this offense.  Defendant's PSIR indicates that he was sentenced in federal court to 20 months' imprisonment as a result of a "parole violation" for his involvement in the instant offense.

Defendant filed a delayed application for leave to appeal in this Court on July 22, 2014.  On August 27, 2014, this Court denied leave to appeal "for lack of merit in the grounds presented."  Defendant subsequently filed an application for leave to appeal in the Michigan Supreme Court, which issued an order directing plaintiff to file an answer to defendant's application for leave to appeal.  See *People v Clark*, 498 Mich 880; 869 NW2d 273 (2015).  After plaintiff did so, the Court considered defendant's application for leave to appeal and remanded to this Court "for consideration as on leave granted."  *Id*.

## II.  ANALYSIS

### A.  PRESERVATION OF ISSUES

To preserve a sentencing issue for appeal, a defendant must raise the issue "at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of

---

[1] 18 USC 3583(a) provides that in all cases, a federal court may, and in certain cases must, when "imposing a sentence to a term of imprisonment for a felony or a misdemeanor, . . . include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment . . . ."

appeals." MCR 6.429(C); *People v McLaughlin*, 258 Mich App 635, 670; 672 NW2d 860 (2003). In a motion for resentencing, defendant argued that he was not subject to consecutive sentencing because he was not on "parole" at the time the offense was committed. Therefore, this issue is preserved.

However, defendant's argument regarding sentencing credit is unpreserved because he did not request credit for time served at sentencing or object to the trial court's order denying him sentencing credit. See *People v Meshell*, 265 Mich App 616, 638; 696 NW2d 754 (2005).

## B. STANDARD OF REVIEW

A consecutive sentence cannot be imposed under Michigan law in the absence of statutory authority. *People v Chambers*, 430 Mich 217, 222; 421 NW2d 903 (1988). Thus, whether a trial court may impose consecutive sentences is a question of statutory interpretation that is reviewed de novo. *People v Gonzalez*, 256 Mich App 212, 229; 663 NW2d 499 (2003).

With respect to defendant's argument regarding sentencing credit, this Court's review is limited to plain error affecting substantial rights because the issue was not preserved. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Relief is available only when (1) an error occurred, (2) the error was plain, clear or obvious, and (3) the error affected substantial rights meaning it affected the outcome of the proceedings. *Id.* Additionally, reversal will be warranted only when the error resulted in the conviction of an actually innocent defendant or when the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *Id.*

## C. DISCUSSION

Because we conclude that a federal "supervised release term" is not the same as "parole" under Michigan's criminal justice system, we necessarily conclude that MCL 768.7a(2) does not provide statutory authority for defendant's sentence for the instance offense to run consecutively to his federal sentences for which he was on "supervised release" when the instant offense was committed. Consequently, we must remand this case to the trial court for resentencing. With respect to defendant's argument regarding the trial court's denial of sentencing credit, however, defendant has failed to establish plain error warranting relief.

Defendant's PSIR states that he was sentenced to "110 months with 3 years SRT" for his federal convictions. A three-year supervised release term is consistent with 18 USC 3583(b). Despite this reference to supervised release, the remainder of defendant's PSIR refers only to defendant's being on "federal parole." Likewise, at sentencing, the parties—including defendant—used the term "federal parole," as opposed to "supervised release." Nevertheless, the parties on appeal agree that at sentencing defendant mischaracterized his federal supervised release as parole, and that at the time he committed the instant offense, defendant was on federal supervised release with respect to his federal convictions.

There is currently no binding case law addressing whether under MCL 768.7a(2) a consecutive sentence may be ordered for an individual who was on federal supervised release, as opposed to parole, at the time of the offense. A number of unpublished opinions of this Court suggest that parole and federal supervised release are not identical. See e.g., *People v Kirk*, unpublished opinion per curiam of the Court of Appeals, issued July 10, 2014 (Docket No.

314416), p 6 ("Presuming, *without deciding*, that the trial court clearly erred when it found that [the] defendant was on parole rather than supervised release . . .") (emphasis added); *People v Shaw*, unpublished opinion per curiam of the Court of Appeals, issued July 2, 1999 (Docket No. 210717), p 4 (reviewing the defendant's argument "under the assumption that he was not subject to . . . consecutive sentencing on account of his federal supervised release status"). And, one former justice of our Supreme Court opined in dissenting from an order denying leave to appeal that the same argument that defendant advances in this case was meritorious. See *People v Williams*, 463 Mich 942; 621 NW2d 214 (2000) (CORRIGAN, J, *dissenting*) ("Defendant argues that MCL 768.7a(2) . . . does not prescribe consecutive sentencing for a state offense he committed while on 'supervised release' rather than 'parole' from a federal term of imprisonment. The plain text of the statute supports defendant's view.").

In Michigan, a consecutive sentence may be imposed only if specifically authorized by statute. *Chambers*, 430 Mich at 222; *People v Stead*, 270 Mich App 550, 551; 716 NW2d 324 (2006). In ordering that defendant's delivery of cocaine sentence in the instant case should run consecutively to his federal sentence, the trial court relied on MCL 768.7a(2), which provides:

> If a person is convicted and sentenced to a term of imprisonment for a felony committed while the person was on *parole* from a sentence for a previous offense, the term of imprisonment imposed for the later offense shall begin to run at the expiration of the remaining portion of the term of imprisonment imposed for the previous offense. [Emphasis added.]

When interpreting statutes, our primary goal is to "ascertain and give effect to the intent of the Legislature." *People v Armisted*, 295 Mich App 32, 37; 811 NW2d 47 (2011). This Court first reviews the specific language of the statute because the Legislature is presumed to have intended the meaning that it plainly expressed. *Id.* Unless a word or phrase is a term of art or defined by the statute, every word or phrase of a statute should be accorded its plain and ordinary meaning. MCL 8.3a; *People v Thompson*, 477 Mich 146, 151; 730 NW2d 708 (2007). A dictionary may be consulted regarding the common, generally accepted meaning of a word. *Id.* at 151-152; *People v Spann*, 250 Mich App 527, 530; 655 NW2d 251 (2002). When the statutory language is clear and unambiguous, this Court assumes the Legislature intended the plain meaning it expressed, and we enforce the statute as written. *People v Gardner*, 482 Mich 41, 50; 753 NW2d 78 (2008). Otherwise, a statute is subject to judicial construction only when it is ambiguous, i.e., either two provisions irreconcilably conflict or a provision is equally susceptible to more than one meaning. *Gardner*, 482 Mich at 50 n 12. If judicial construction is appropriate because of ambiguity, we must construe the statutory language reasonably, keeping in mind the apparent purpose of the statute. *People v Feezel*, 486 Mich 184, 205; 783 NW2d 67 (2010). Finally, nothing may be read into an unambiguous statute that is not within the manifest intention of the Legislature as derived from the language of the statute itself. *People v Breidenbach*, 489 Mich 1, 10; 798 NW2d 738 (2011).

The parties do not dispute the general meaning of MCL 768.7a(2) insofar as it prescribes consecutive sentencing for a later offense when that offense is committed while the individual is on parole from a previous offense. See *People v Phillips*, 217 Mich App 489, 498-499; 522 NW2d 487 (1996). The parties only dispute whether "supervised release" with respect to a conviction on a federal offense comes within the meaning of the term "parole" as used in the

statute:  defendant argues that the term does *not* include federal supervised release, while plaintiff argues that it does.  We note that while the *Phillips* Court determined that MCL 768.7a(2) applied to individuals on parole from federal offenses, the opinion did not address federal supervised release.  We conclude, for reasons discussed hereafter, the two terms are not interchangeable.

There is a basic difference between Michigan's criminal justice system and the federal criminal justice system.  Michigan, in general, employs an indeterminate sentencing scheme when a person is convicted of a crime that requires imprisonment.  See *People v Lockridge*, 498 Mich 358, 380 n 18; 870 NW2d 502 (2015).  An "indeterminate sentence" is one " 'of an unspecified duration, such as one for a term of 10 to 20 years.' "  *Id*., quoting *People v Drohan*, 475 Mich 140, 153 n 10; 715 NW2d 778 (2006), quoting *Black's Law Dictionary* (8th ed).  "[U]nder an indeterminate scheme, a defendant receives a minimum sentence and a maximum sentence.  In Michigan, for instance, the law provides that the maximum portion of a defendant's indeterminate sentence must be the "maximum penalty provided by law . . . ."  *People v Harper*, 479 Mich 599, 612-613, n 21; 739 NW2d 523 (2007), quoting MCL 769.8(1).

Once a Michigan judge imposes a valid indeterminate sentence of imprisonment with the Department of Corrections (DOC), the sentencing court has no authority to modify the sentence.  *People v Holder*, 483 Mich 168, 170, 177; 767 NW2d 423 (2009).  Rather, the Parole Board of the Department of Corrections is vested with the authority to grant "parole" to qualified prison inmates.  *In re Parole of Bivings*, 242 Mich App 363, 372; 619 NW2d 163 (2000): MCL 791.231 *et seq*.  The Parole Board has the discretion to grant or deny parole and to discharge the prisoner if the prisoner satisfactorily completes the terms of parole.  *People v Idziak*, 484 Mich 549, 584-585; 773 NW2d 616 (2009) (citations omitted).  Parole is a conditional release.  A paroled prisoner, however, remains technically in the custody of the DOC but is permitted to leave the confinement of prison.  *Holder*, 483 Mich at 172-173; *People v Raihala*, 199 Mich App 577, 579; 502 NW2d 755 (1993).  Until a prisoner is discharged from parole, the Parole Board may rescind parole for cause if a parole violation has been proven by a preponderance of the evidence, MCL 791.240a, and may amend an existing order of parole, MCL 791.236(3).  See *Holder*, 483 Mich at 173.  Parole in Michigan is described by our Supreme Court as follows:

> "The purpose of a parole is to keep the prisoner in legal custody while permitting him to live beyond the prison inclosure [sic] so that he may have an opportunity to show that he can refrain from committing crime.  It is a conditional release, the condition being that if he makes good he will receive an absolute discharge from the balance of his sentence; but if he does not make good he will be returned to serve his unexpired time.  The absolute discharge is something more than a release from parole.  It is a remission of the remaining portion of his sentence.  Like a pardon, it is a gift from the executive, and like any other gift it does not become effective until it is delivered and accepted.  After delivery it cannot be recalled."  [*Id*. at 173, quoting *In re Eddinger*, 236 Mich 668, 211 NW 54 (1926) (italics removed); see also *Raihala*, 199 Mich App at 579.]

Thus, under Michigan law, "parole" is consistent with the definition of that term in *Black's Law Dictionary* (10th ed): "The conditional release of a prisoner from imprisonment before the full sentence has been served."  It is also consistent with the first pertinent definition

of "parole" in *Merriam Webster's Collegiate Dictionary* (11th ed) of "a conditional release of a prisoner serving an indeterminate sentence." A prisoner becomes "*parole eligible*" after serving the minimum term of an intermediate sentence, and the Parole Board may then determine "whether the prisoner is *worthy* of parole." *Idziak*, 484 Mich at 559 (emphasis in original). So, parole is inherently a part of the original sentence imposed by the trial court. *Id*. But once sentenced to imprisonment, the prisoner is under the jurisdiction of the DOC and Parole Board. *Holder*, 483 Mich at 170, 177; *In re Parole of Bivings*, 242 Mich App at 372.

In contrast to Michigan, a person convicted of a federal crime may be ordered to serve a determinate prison sentence. See *Lockridge*, 498 Mich at 371; *United States v Booker*, 543 US 220, 231-232; 125 S Ct 738; 160 L Ed 2d 621 (2005). "[U]nder a determinate scheme, conviction for an offense typically exposes a defendant to a sentence of a fixed term lying in a standard range for that offense." *Harper*, 479 Mich at 611. "Thus, a determinate system is a sentencing system in which the defendant receives a certain and fixed sentence and is subject to serving that precise sentence. An indeterminate system is a sentencing system in which the defendant receives a singular maximum sentence, and, in some systems such as Michigan's, may be released on parole before serving that maximum." *Lockridge*, 498 Mich at 410 n 7 (MARKMAN, J., *dissenting*). "Supervised release is a unique method of post-confinement supervision invented by the Congress for a series of sentencing reforms . . . ." *Gozlon-Peretz v United States*, 498 US 395, 407; 111 S Ct 840; 112 L Ed 2d 919 (1991). "Supervised release" replaced "special parole," which was repealed by the sentencing reforms that Congress enacted. *Id*. at 397. "Special parole," similar to parole under Michigan law, "was 'a period of supervision served upon completion of a prison term' and administered by the United States Parole Commission." *Id*. at 399 (citation omitted). "Supervised release" is imposed by the sentencing court at the initial sentencing to be served following the completion of a definite term of prison confinement. 18 USC 3583(a); 18 USC 3624(e). Unlike parole in Michigan, a federal court imposing a term of supervised release to follow a determinate prison term retains jurisdiction to modify, terminate, extend, or revoke a term of supervised release. 18 USC 3583(e).

In sum, even though the purpose of each is similar, there are significant differences between "parole"—under the plain meaning of that term and as practiced in Michigan—and federal "supervised release." The most noteworthy difference is that an individual on parole is not sentenced to a term of parole but rather, after serving a portion of an indeterminate prison sentence, he or she becomes eligible and may be granted parole by the Parole Board. *Idziak*, 484 Mich at 559, 584-585. Successful completion of parole and discharge has the effect of remitting the remaining portion of the previously imposed prison sentence. *Holder*, 483 Mich at 173. On the other hand, "supervised release" is imposed at the initial sentencing to be served following completion of imprisonment and is similar to a period of probation over which the sentencing court maintains jurisdiction to modify, terminate, extend, or revoke "and require the defendant to serve in prison all or part of the term of supervised release . . . ." 18 USC 3583(e)(3); See also *People v McCuller*, 479 Mich 672, 739; 739 NW2d 563 (2007) (KELLY, J., dissenting) (comparing supervised release to probation by indicating that the former "is imposed in addition to imprisonment, rather than instead of it"), and *Johnson v United States*, 529 US 694, 725; 120 S Ct 1795; 146 L Ed 2d 727 (2000) (SCALIA, J., dissenting) ("Unlike parole, which replaced a portion of a defendant's prison sentence, supervised release is a separate term imposed at the time of initial sentencing."). Because MCL 768.7a(2) clearly and unambiguously refers only to "parole," we must enforce the statutory provision as written, *Gardner*, 482 Mich at 50. We may

not amend the statute by reading into it the term "supervised release." *Breidenbach*, 489 Mich at 10.

Our conclusion is further supported by the principle that "[t]he Legislature is presumed to be aware of and legislate in harmony with existing laws when enacting new laws." *People v Rahilly*, 247 Mich App 108, 112; 635 NW2d 227 (2001). Supervised release was created by Congress in 1984 when it enacted the Sentencing Reform Act (SRA) of 1984. See 18 USC § 3551 *et seq.*; *Gozlon-Peretz*, 498 US at 397, 399-400, 408. The SRA's provisions regarding supervised release became effective on November 1, 1987. *Id*. at 398, 400 n 4, 403. The SRA "provide[d] for the total revamping of the sentencing procedures in the federal judicial system" and "[i]t "replace[d] a system of indeterminate sentences and the possibility of parole with determinate sentencing and no parole." *Walden v United States Parole Comm*, 114 F3d 1136, 1138 (CA 11, 1997). In 1988, after the enactment of the SRA and the effective date of its provisions regarding supervised release, Michigan's Legislature amended MCL 768.7a to include MCL 768.7a(2). 1988 PA 48, effective June 1, 1988; *Idziak*, 484 Mich at 557-558. Thus, the SRA was already in existence when MCL 768.7a(2) was enacted. Because the Legislature is presumed to be aware of existing laws, *Rahilly*, 247 Mich App at 112, this Court may presume that the Legislature was aware of federal supervised release, yet did not include it in the language of MCL 768.7a(2). Comparatively, the Legislature did include the term supervised release alongside the word parole in providing standards for a petition to discontinue sex offender registration. See MCL 28.728c(12)(d) and (13)(e)[2] (requiring that the "petitioner successfully completed his or her assigned periods of supervised release, probation or parole"). Had the Legislature intended to do so, it could have added supervised release to MCL 768.7a(2). Accordingly, we conclude that the trial court erred in ordering that defendant's sentence run consecutively to his federal sentence.

Defendant also argues that he is entitled to credit for time served with respect to his sentence for the instant offense. However, because defendant failed to include this issue in his statement of issues presented, he has not properly presented this argument for appeal. See *People v Anderson*, 284 Mich App 11, 16; 772 NW2d 792 (2009). Additionally, defendant's argument is thoroughly vague: he advances no argument regarding the specific number of days for which he believes he is entitled to sentencing credit, and he fails to explain why he is entitled to credit. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment of an issue with little or no citation of supporting authority." *People v Watson*, 245 Mich App 572, 587; 629 NW2d 411 (2001) (quotation marks, brackets, and citation omitted).

To the extent defendant's argument is based on his being on supervised release or incarcerated for his federal convictions, we find it without merit. MCL 769.11b governs a defendant's entitlement to sentencing credit. It provides:

> Whenever any person is hereafter convicted of any crime within this state and has
> served any time in jail prior to sentencing because of being denied or unable to

---

[2] As amended by 2011 PA 18, effective April 12, 2011.

-7-

furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

Under this statute, a defendant is entitled to credit only where the defendant has been incarcerated "because of being denied or unable to furnish bond for the offense of which he is convicted" and being sentenced. *Id*.; *People v Prieskorn*, 424 Mich 327, 343-344; 381 NW2d 646 (1985). The statute "neither requires nor permits sentence credit in cases . . . where a defendant is released on bond following entry of charges arising from one offense and, pending disposition of those charges, is subsequently incarcerated as a result of charges arising out of an unrelated offense or circumstance . . . ." *Id*. at 340; see also *Idziak*, 484 Mich at 562-563 (holding that the jail credit statute does not apply when a parolee commits a felony on parole and is convicted and sentenced to a new term of imprisonment). Stated differently, under MCL 769.11b, when an individual is "required to remain in jail pending . . . resolution of [a] new criminal charge for reasons independent of his eligibility for or ability to furnish bond for the new offense, the jail credit statute does not apply." *Idziak*, 484 Mich at 567.

In this case, defendant advances no argument regarding the specific number of days for which he believes he is entitled to credit at sentencing for this offense. He also fails to support his argument with any showing that he was incarcerated before sentencing as a result of a denial or inability to furnish bond. MCL 769.11b. Accordingly, defendant has failed to establish plain error occurred that affected his substantial rights. *Carines*, 460 Mich at 763.

We reverse and remand for resentencing. We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ Christopher M. Murray