*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JEFFREY KEITH PAYNE,

        Defendant-Appellant.

UNPUBLISHED
March 14, 2019

No. 341398
Wayne Circuit Court
LC No. 17-000531-01-FH

Before: BORRELLO, P.J., and SWARTZLE and CAMERON, JJ.

PER CURIAM.

Defendant was convicted following a jury trial of first-degree criminal sexual conduct, MCL 750.520b(1)(h)(*i*) (victim was physically helpless and related to defendant by blood or affinity to the fourth degree). He was sentenced to 42 months to 15 years' imprisonment. Defendant now appeals as of right. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

This case arises out of defendant's sexual assault of his adult daughter. The victim testified at trial and described the assault. That night, she was sleeping in her bed when she awoke at approximately 3:00 a.m. to find defendant sleeping next to her. It was not unusual for defendant to sleep in the victim's bed because the couch where he usually slept was uncomfortable. After going back to sleep, the victim awoke again at approximately 5:00 a.m. She was lying on her right side, and defendant was behind her. The victim testified that she felt a hand on her left hip and that she felt a sharp pain in her anal opening and "shooting up" through her back. According to the victim, it felt like a "long object" was inside her anal opening.

The victim got out of bed, and defendant told her that he was sorry. She ran to the bathroom and locked herself inside, waiting for defendant to leave her bedroom. The victim testified that she was thinking, "I have to get away" because she "did not feel comfortable, living in the house with him." After defendant left her bedroom, the victim went back into her room, locked the door, and called her friend. The victim told her friend about the assault and that she needed another place to stay, after which the victim's friend offered to let the victim stay with

her. The victim packed her things and waited until it was time for her to go to work. Defendant drove the victim to work as he usually did, but on this occasion, the victim rode in the back seat of the car and kept her bags in front of her so that defendant could not touch her. The victim told defendant that she would be staying with a friend for a few days, and defendant apologized and begged her not to leave.

Once she arrived at work, the victim texted her sisters to tell them about the assault, and she told them to lock their doors. The victim testified that she "tried to keep [her]self together" while she was at work so she did not create any conflicts at work, and she further testified that she had to visit the bathroom during her shift in order to "recollect" herself. After finishing her shift, the victim went to the mall to buy more work clothes because she had left her other work clothes at home and did not plan to return home to collect those items.

The victim's sister picked her up from the mall and took her to the hospital where the victim met with Melissa Woodruff, who is a sexual assault nurse examiner. Woodruff testified that during her examination with the victim, she observed that the victim had poor eye contact, appeared frightened at times, was hesitant, and was "very fidgety."

At the conclusion of defendant's trial, the jury convicted defendant of first-degree criminal sexual conduct.

At the sentencing hearing, the prosecutor argued that 10 points, instead of 0 points, should have been assessed for Offense Variable (OV) 4 (psychological injury to victim):

> [*Prosecutor*]: Your Honor, OV-4, indicating psychological injury to the, to the victim.
>
> I had an opportunity to speak to the complainant in this case . . .
>
> [The victim] has indicated to me that, as a result of the circumstances, and the Court did hear the, the testimony of [the victim], that because of that, that she is, and she believes, in need of psychiatric, or psychological treatment, although she has not begun the treatment, as of yet, she is going to be seeking that, in the near future.
>
> As a result of that, I believe that . . . OV-4 would be properly scored at ten points, rather than the zero that the Probation Department scored.
>
> *The Court*: [Defense counsel]?
>
> [*Defense counsel*]: I have no argument.
>
> *The Court*: All right.
>
> OV-4, then, will be scored as a ten.

Defendant's minimum guidelines range was determined to be 27 to 45 months. As previously noted, the trial court sentenced defendant to 42 months to 15 years' imprisonment.

On appeal, defendant challenges his sentence on the ground that OV 4 was improperly scored.

## II. STANDARD OF REVIEW

"A trial court's factual determinations under the sentencing guidelines must be supported by a preponderance of the evidence and are reviewed for clear error." *People v Wellman*, 320 Mich App 603, 605; 910 NW2d 304 (2017). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*. (quotation marks and citation omitted).

In this case, however, defendant failed to raise this issue at sentencing,[1] in a motion for resentencing, or in a motion to remand filed in this Court, and defendant's appellate issue is therefore unpreserved. *People v Clark*, 315 Mich App 219, 223; 888 NW2d 309 (2016). We review unpreserved sentencing issues for plain error affecting substantial rights. *Id*. at 224. "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

## III. ANALYSIS

On appeal, defendant argues that the trial court erred by assessing 10 points for OV 4 because there was no basis for the trial court to find that the victim suffered a serious psychological injury requiring professional treatment. More specifically, defendant contends that the trial court's scoring decision was not justified by the prosecutor's "bare assertion" that the victim had indicated that she would seek future treatment.

Ten points are to be assessed for OV 4 if "[s]erious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(a). The question whether treatment has actually been sought is not conclusive. MCL 777.34(2); *Wellman*, 320 Mich App at 606, 608. "[A] victim's statements about feeling angry, hurt, violated, and frightened support a score of 10 points for OV 4." *Wellman*, 320 Mich App at 609 (quotation marks and citation omitted). Additionally, "[t]he trial court may assess 10 points for OV 4 if the victim suffers, among other possible psychological effects, personality changes, anger, fright, or feelings of being hurt, unsafe, or violated." *People v Armstrong*, 305 Mich App 230, 247; 851 NW2d 856 (2014). However, our Supreme Court has held "that (a) points for OV 4 may not be assessed solely on the basis of a trial court's conclusion that a 'serious psychological injury' would normally occur as a result of the crime perpetrated against the victim and (b) evidence of fear while a crime is being committed, *by itself*, is insufficient to assess points for OV 4." *People v*

---

[1] We reject as illogical defendant's assertion on appeal that defense counsel's statement, "I have no argument," could be "construed as an objection." It is clear from our review of the sentencing hearing transcript that there was no objection to the scoring of OV 4.

*White*, 501 Mich 160, 162; 905 NW2d 228 (2017). In so holding, the *White* Court also explained as follows:

> Of course, a victim's fear while a crime is being committed may be highly relevant to determining whether he or she suffered a "serious psychological injury [that] may require professional treatment" and thus may be considered together with other facts in determining how to score OV 4. We merely hold that, *absent other evidence of psychological harm*, fear felt during the crime is insufficient to assess points for this variable. [*Id.* at 165 n 3.]

In this case, the victim testified at trial that when she locked herself in the bathroom after the assault, she knew that she had to get away from defendant because she did not feel comfortable living in the house with him. The victim sat in the back of the car when defendant drove her to work, and she had her bags surrounding her so that defendant would not be able to touch her. The victim further testified that once she was at work, she "tried to keep [her]self together" and had to retreat to the bathroom during her shift in order to "recollect" herself. Additionally, Woodruff testified that during the victim's sexual assault examination at the hospital, the victim displayed poor eye contact, fear, hesitation, and fidgety behavior. "A sentencing court may consider all record evidence before it when calculating the guidelines, including, but not limited to, the contents of a presentence investigation report, admissions made by a defendant during a plea proceeding, or testimony taken at a preliminary examination or trial." *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012) (quotation marks and citation omitted). Based on the trial testimony in the instant case, the trial court could have reasonably found by a preponderance of the evidence that the victim felt hurt, violated, frightened, angry, and unsafe as a result of the sexual assault; there was more than mere evidence of fear experienced during the assault. Accordingly, defendant has not shown that the trial court committed plain error by assessing 10 points for OV 4.[2] *White*, 501 Mich at 162, 165 n 3; *Wellman*, 320 Mich App at 609; *Armstrong*, 305 Mich App at 247.

Affirmed.

/s/ Stephen L. Borrello
/s/ Brock A. Swartzle
/s/ Thomas C. Cameron

---

[2] Defendant also argues that the presentence investigation report did not contain any victim impact statement and did not indicate whether the victim sought or would seek psychological treatment. However, it is not necessary that such a submission be made in order to establish that a psychological harm occurred for purposes of scoring OV 4. *Wellman*, 320 Mich App at 606-607.