*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
August 24, 2023

v

No. 361065
Gratiot Circuit Court
LC No. 2019-008087-FH

LEWIS AARON NIXON, JR.,

        Defendant-Appellant.

Before: GADOLA, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Defendant, Lewis Nixon, Jr., was convicted by a jury of assault of a prison employee, MCL 750.197c. He was originally sentenced as a fourth-offense habitual offender, MCL 769.12, to serve 4 to 10 years' imprisonment; however, following remand by this Court for resentencing,[1] the trial court sentenced Nixon to 30 months to 10 years in prison. Nixon appeals by right. We affirm because there are no errors.

## I. BASIC FACTS

This case arises out of the assault of a registered nurse who was working at a correctional facility in which Nixon was incarcerated. On the day of the assault, Nixon saw the nurse for an appointment concerning his high blood pressure. The nurse took Nixon's blood pressure at approximately 6:00 p.m., but because it was so high, she had him sit in the waiting room for approximately 20 minutes to see if his blood pressure would decrease. At 6:26 p.m., the nurse called Nixon back into the examination room so that she could check his blood pressure again. The nurse held the examination room door open for Nixon and, as he passed through the doorway, she felt his hand swipe her inner thigh from her knee to her groin area. She jumped back in response. After Nixon had entered the examination room, the nurse confronted him about touching her, but he denied ever doing so. She then asked another nurse to care for Nixon while she reported

---

[1] *People v Nixon*, unpublished per curiam opinion of the Court of Appeals, issued November 4, 2021 (Docket No. 353438).

the incident. Surveillance cameras captured videos of Nixon exiting the waiting room, walking toward the examination room door, and the nurse jumping back as Nixon passed through the doorway. At trial, Nixon testified that he never touched the nurse and that, if he did, it was unintentional. The jury found defendant guilty as charged.

The trial court originally sentenced Nixon to serve 4 to 10 years' imprisonment. Following his first appeal, this Court affirmed his conviction, but remanded for resentencing. On remand, Nixon was resentenced to serve 30 months to 10 years in prison, with credit for 881 days served. Nixon argued that he was entitled to credit for time served prior to his initial sentencing date, and that the trial court should have granted him significantly more than 881 days as credit for time served. The trial court refused to do so because Nixon was incarcerated for an unrelated conviction at that time.

## II. SENTENCING

### A. STANDARD OF REVIEW

Nixon argues that he is entitled to credit for time served prior to sentencing in this case because he was incarcerated at that time. "Whether a defendant is entitled to credit for time served in jail before sentencing is a question of law that we review de novo." *People v Armisted*, 295 Mich App 32, 49; 811 NW2d 47 (2011).

### B. ANALYSIS

MCL 769.11b, which governs credit for time served in jail prior to sentencing, provides:

> Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

The primary purpose of MCL 769.11b "is to equalize, as far as possible, the status of the indigent or lower-income accused with the status of the accused who can afford to post bail." *People v Givans*, 227 Mich App 113, 125; 575 NW2d 84 (1997). Our Supreme Court recently held that MCL 769.11b requires the trial court to "grant jail credit when a defendant is held in jail for the offense of which he or she is ultimately convicted if he or she is denied or unable to furnish bond for that offense." *People v Allen*, 507 Mich 597, 606; 968 NW2d 532 (2021). It necessarily follows "that individuals who are detained in jail for some reason other than the denial of or inability to furnish bond are not entitled to jail credit." *Id*. Thus, "when a parolee is 'required to remain in jail pending . . . resolution of [a] new criminal charge for reasons independent of his eligibility for or ability to furnish bond for the new offense, the jail credit statute does not apply,' " *People v Clark*, 315 Mich App 219, 234-235; 888 NW2d 309 (2016) (citation omitted; alteration in original), and he or she "is no longer entitled to jail credit under MCL 769.11b toward any sentence imposed in the new proceeding," *Allen*, 507 Mich at 606.

Nixon argues that the trial court erred by failing to credit him for time spent incarcerated prior to sentencing in this case. However, the statute and the subsequent caselaw on this issue are clear: credit for time served under MCL 769.11b can be given to a defendant only for time served that was a result of his or her inability to furnish bond for the convicted offense. Prior to sentencing in this case, Nixon was not incarcerated because he was unable to furnish bond; rather, Nixon was incarcerated to serve the sentence imposed in another case. Accordingly, Nixon is not entitled to credit for time served prior to sentencing in this case.

## III. DUE PROCESS

Nixon next asserts in his Standard 4 brief filed under Michigan Supreme Court Administrative Order No. 2004-6, 471 Mich c, cii (2004), that his due-process rights were violated because the prosecution introduced inaccurate and false surveillance video evidence at trial. However, we affirmed Nixon's conviction in his prior appeal by right, and this matter was remanded to the trial court solely for the purpose of resentencing.[2] "[W]here an appellate court remands for some limited purpose following an appeal as of right in a criminal case, a second appeal as of right, limited to the scope of the remand, lies from the decision on remand." *People v Kincade (On Remand)*, 206 Mich App 477, 481; 522 NW2d 880 (1994). "[T]he scope of the second appeal is limited by the scope of the remand." *People v Jones*, 394 Mich 434, 435-436; 231 NW2d 649 (1975). Accordingly, this issue is beyond the scope of remand, and it is not properly before us.[3]

Affirmed.

/s/ Michael F. Gadola
/s/ Michael J. Kelly
/s/ Brock A. Swartzle

---

[2] *Nixon*, unpub op at 1, 5.

[3] Moreover, when we affirmed his conviction and remanded for resentencing, we rejected his argument that the prosecution presented "a false and misleading surveillance video to the jury," concluding that the video "was fully consistent with the record." *Id*. at 5. Thus, this issue has already been addressed and decided by this Court. See *People v Owens*, 338 Mich App 101, 120; 979 NW2d 345 (2021) ("The law-of-the-case doctrine provides that an appellate court's decision regarding a particular issue is binding on courts of equal or subordinate jurisdiction during subsequent proceedings in the same case.") (quotation marks and citation omitted).