*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
September 21, 2023

v

No. 361350
Wayne Circuit Court
LC No. 19-001986-01-FC

FRANK ROMERO, JR.,

        Defendant-Appellant.

Before: PATEL, P.J., and BOONSTRA and RICK, JJ.

PER CURIAM.

Following a bench trial, defendant was convicted of two counts of armed robbery, MCL 750.529, and two counts of possession of a firearm during the commission of a felony, MCL 750.227b. Imposing a downward departure from the minimum sentence guidelines range of 51 to 85 months' (4 years and 3 months to 7 years and 1 month) imprisonment, the trial court sentenced defendant to serve concurrent terms of imprisonment of 3½ to 10 years for the armed robbery convictions, consecutive to concurrent 2-year terms for the felony-firearm convictions. This Court affirmed defendant's convictions, but remanded for resentencing due to improper scoring of Offense Variable (OV) 1 and to award the proper jail credit.[1] On remand, the successor judge imposed identical sentences. We affirm.

## I. BACKGROUND

On October 2, 2018, defendant and another man approached two elderly women, a mother and daughter, as they exited their vehicle just outside a church in Detroit. Defendant demanded the victims' purses. The victims complied before running away and contacting law enforcement. One of the victims identified defendant from a photographic show-up, while the second man was never identified. The victims testified that defendant had a handgun, although neither indicated

---

[1] *People v Romero*, unpublished per curiam opinion of the Court of Appeals, issued February 17, 2022 (Docket No. 350395).

that he pointed the gun at or toward them. Defendant was 20 years old at the time of the crime. He had no prior juvenile or adult record.

Defendant was first sentenced on July 22, 2019. Defendant was assessed 15 points for Offense Variable (OV) 1, which is scored when "[a] firearm was pointed at or toward a victim or the victim had a reasonable apprehension of an immediate battery when threatened with a knife or other cutting or stabbing weapon." MCL 777.31(1)(c). The guidelines range for defendant's minimum sentence was calculated as 51 to 85 months. The court imposed a downward departure, and sentenced defendant to serve concurrent terms of imprisonment of 3½ to 10 years for the armed robbery convictions, consecutive to concurrent 2-year terms for the felony-firearm convictions.

Defendant appealed his convictions and his sentences. This Court affirmed his convictions and assessments of costs, and denied his request for a *Ginther*[2] hearing. *People v Romero*, unpublished per curiam opinion of the Court of Appeals, issued February 17, 2022 (Docket No. 350395), pp 2-8. However, this Court held that OV 1 should have been assessed at 0 points because there was no evidence "that defendant pointed the gun at or toward [the victims] or that defendant possessed 'a knife or other cutting or stabbing weapon.' " *Id*. at 6. This Court also ordered that defendant's jail credit be adjusted to reflect all of the days to which he was entitled This change reduced defendant's guidelines range to 42 to 70 months. *Id*. Accordingly, this Court remanded the case for resentencing.

At the April 26, 2022 resentencing before a successor judge, defense counsel requested a downward departure. Defense counsel pointed out that this was defendant's "first interaction with the criminal justice system." Defense counsel further characterized defendant as "extremely young today," and argued that his youthfulness influenced his decision making. Defense counsel asserted that defendant had "done well" in prison so far, including performing "very well" in a general-education diploma program in which he was enrolled. The prosecution, on the other hand, requested the same sentences as the ones imposed by the predecessor judge. The prosecution argued that defendant had received 11 misconducts in his three years' incarceration, which reflected that he was likely experiencing a difficult time adjusting to prison. Defense counsel conceded that defendant had accumulated a "substantial number" of misconducts in prison, but stated that they were all "low level" and had occurred "at the beginning of his sentence."

Ultimately, the successor judge sentenced defendant to the identical sentences as the predecessor judge, explaining, "Well this Court's going to adopt the sentence that [the predecessor judge] gave. I mean, [the predecessor judge] had an opportunity to hear the testimony, as well as the proofs." Defendant now appeals.

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973) (remanding for an evidentiary hearing to develop a claim of ineffective assistance of counsel).

## II. ANALYSIS

Defendant argues that his sentences are not reasonable or proportionate in light of the facts and circumstances of the case, and also that the resentencing judge abdicated its sentencing discretion by simply deferring to the predecessor judge's sentences. We disagree.

## A. PROPORTIONALITY

Defendant concedes that his 3½ -year minimum sentences are within the guidelines range,[3] but argues that his sentences were disproportionate in light of his youth and lack of a prior record. We disagree.

"This Court reviews the proportionality of a trial court's sentence for an abuse of discretion." *People v Lydic*, 335 Mich App 486, 500; 967 NW2d 847 (2021). A trial court abuses its discretion when it chooses an outcome that falls outside of the principled range of outcomes. *People v Babcock* 469 Mich 247, 269; 666 NAW2d 231 (2003).

Although Michigan's sentencing guidelines are not mandatory, they "remain a highly relevant consideration in a trial court's exercise of sentencing discretion." *People v Lockridge*, 498 Mich 358, 391; 870 NW2d 502 (2015); see also *People v Steanhouse*, 500 Mich 453, 474-475; 902 NW2d 327 (2017). "Sentencing courts must . . . continue to consult the applicable guidelines range and take it into account when imposing a sentence." *Lockridge*, 498 Mich at 392; see also *Steanhouse*, 500 Mich at 475. "[T]he key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range." *People v Milbourn*, 435 Mich 630, 661; 461 NW2d 1 (1990). A within-guidelines sentence is presumptively proportionate. *People v Posey*, __ Mich __, __; __ NW2d __ (2023) (Docket No. 162373); slip op at 36.

Defendant argues that we should hold MCL 769.34(10), under which we must generally affirm a within-guidelines sentence, unconstitutional. Since defendant filed his brief on appeal, our Supreme Court addressed the constitutionality of MCL 769.34(10) in *Posey*, and a majority of the Court agreed that the first sentence of MCL 769.34(10) is unconstitutional. *Id.* at __ (BOLDEN, J.); slip op at 29-30; *Id.* at __ (CAVANAGH, J., concurring); slip op at 1; *Id.* at __ (WELCH, J., concurring); slip op at 2-3. The *Posey* majority struck "the portion of MCL 769.34(10) that requires appellate courts to affirm within-guidelines sentences . . . ." *Id.* at __ (BOLDEN, J.); slip op at 33-34; *Id.* at __ (WELCH, J., concurring); slip op at 2-3. On appeal, there is a rebuttable presumption that within-guidelines sentences are reasonable and proportionate, provided they are not otherwise constitutionally defective, and "the defendant bears the burden of demonstrating that their within-guidelines sentence is unreasonable or disproportionate . . . .". *Id.* at __ (BOLDEN, J.); slip op at 36.

Defendant argues that his sentence was disproportionate because it failed "to account for his rehabilitative potential and other mitigating factors." Defendant emphasizes that he was 20

---

[3] Defendant does not allege any error in scoring the sentencing guidelines or that his sentences were based on inaccurate information.

years old at the time of the robbery as the primary factor weighing in favor of a lighter sentence. We acknowledge that both federal and Michigan caselaw have stressed the importance of youth as a mitigating factor. See *People v Fields*, 448 Mich 58, 77; 528 NW2d 176 (1995); *Roper v Simmons*, 543 US 551, 574; 125 S Ct 1183; 161 L Ed 2d 1 (2005); *People v Parks*, 510 Mich 225, 246; 987 NW2d 161 (2022). But this caselaw tends to address the most serious punishments, such as a life sentence without the possibility of parole, as applied to defendants who are 18 years old or younger. See *Roper*, 543 US at 574; *Parks*, 510 Mich at 265. Defendant was not a juvenile at the time of the offense, nor was he sentenced for first-degree murder. Although defendant's age is a proper mitigating factor, neither *Fields*, nor any other authority defendant cites, indicates that factor alone renders a 3½-year minimum for armed robbery an abuse of discretion. Defendant also argues that he does not have a prior criminal or juvenile record. But this factor was properly reflected in the scoring of the guidelines. See MCL 777.57(1)(b). Defendant further maintains that his improved behavior and educational progress in prison are mitigating sentencing factors. Although we applaud defendant's progress in those regards, we disagree that it indicates that the interests of justice would be better served by a shorter period of incarceration.

We conclude that defendant's 3½-year minimum sentences for robbing two elderly victims while displaying a firearm were not a disproportionately harsh. The armed-robbery sentences aligned with the low end of the corrected guidelines range. Considering that there were both mitigating and aggravating factors involved in this crime, defendant's sentence at the bottom of the guidelines range was not disproportionately harsh and thus not an abuse of discretion.

## B. ABDICATION OF DISCRETION

Next, defendant argues that the resentencing court abdicated its discretion and merely readopted the first sentence he had received. We disagree.

There are no special steps that a defendant must take to preserve a challenge to whether a sentence was proportional. *People v Walden*, 319 Mich App 344, 350; 901 NW2d 142 (2017). However, to the extent that defendant's challenge to the resentencing court's reasons constitutes a challenge to the accuracy of the information relied upon, defendant was required to raise it at sentencing, in a motion for resentencing, or in a motion for remand filed in this Court. *People v Clark*, 315 Mich App 219; 888 NW2d 309 (2016). Defendant did not raise this issue at sentencing. And, although he raised the issue in a motion to remand for resentencing, that motion did not satisfy MCR 7.211(C)(1)(a)'s requirement that it "show (i) that the issue is one that is of record and that must be initially decided by the trial court; or (ii) that development of a factual record is required for appellate consideration of the issue." Instead, the motion merely stated in conclusory fashion that it satisfied this requirement without explaining why further factual development was actually required or why the trial court needed to be the first decider. Accordingly, this issue is unpreserved.

Unpreserved appellate claims are reviewed for plain error. *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. at 763. When plain error has occurred, "[t]he reviewing court should reverse only when the defendant is actually innocent or the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id*. at 774.

In our view, defendant's characterization of the resentencing court's actions as an abdication is overstatement. The court held a full resentencing hearing, where both the prosecution and defense were given ample opportunity to present arguments. The court's reference to the prior sentencing court's sentence was not improper. Although that reference was an indication that the earlier sentence factored into the court's consideration, the court never stated that it was the *only* such factor.

A "trial court is responsible for tailoring a sentence to an individual defendant and for giving reasons for imposing each sentence in order to facilitate appellate review." *People v Boykin*, 510 Mich 171, 192; 987 NW2d 58 (2022). But our caselaw does not require "trial courts to fulfill these responsibilities by articulating *specific* factors on the record. Instead, our sentences must follow the principle of proportionality[.]" *Id*.

Here, the resentencing court explained that it was adopting the predecessor judge's sentence because the predecessor judge "had an opportunity to hear the testimony, as well as the proofs." The resentencing court then sentenced defendant at the very bottom of the guidelines range. We conclude that the reasoning articulated by the resentencing court was sufficient for our proportionality review.

Affirmed.

/s/ Sima G. Patel
/s/ Mark T. Boonstra
/s/ Michelle M. Rick