*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 18, 2024

Plaintiff-Appellee,

v

No. 363120
Otsego Circuit Court

JONATHAN MICHAEL MATHEY,

LC No. 19-005787-FC

Defendant-Appellant.

Before: RIORDAN, P.J., and RICK and N. P. HOOD, JJ.

PER CURIAM.

In this interlocutory appeal, defendant appeals as on leave granted[1] the trial court's order granting in part a motion by the prosecutor to admit other-acts evidence. Because we conclude that the court's decision to allow the other-acts evidence under MCL 768.27b did not fall outside the range of reasonable and principled outcomes, we affirm.

## I. BACKGROUND

Defendant stands accused of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(f) (force or coercion), third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(b) (force or coercion), and two counts of assault with intent to commit great bodily harm less than murder or by strangulation, MCL 750.84. Defendant's charges arise out of the sexual assault of the complainant, AS, which she alleges occurred at defendant's home in 2019.[2] At the time of the assault, AS was homeless and living with defendant while working at defendant's restaurant. AS had lived with defendant for three weeks and previously engaged in

---

[1] *People v Mathey*, 513 Mich 1015; 2 NW3d 904 (2024).

[2] The beginning of the preliminary examination was not properly recorded. For that reason, approximately 10 minutes of the proceeding was not transcribed, including testimony concerning defendant's encounter with AS. We have therefore utilized a combination of testimony from the preliminary examination and other information from the record in order to generate a general timeline of the allegations.

sexual activity with him. The incident in question began consensually, but allegedly turned violent, resulting in defendant penetrating AS's vagina and anus without consent. AS was seen by a sexual assault nurse examiner, who reported that AS had a tear in her labia. During an ensuing police interview, defendant claimed that he and AS had a sexual encounter that night, but that it was entirely consensual.

In 2022, the prosecution filed notice of its intent to present evidence at trial of defendant's other acts of sexual assault pursuant to MCL 768.27b and MRE 404(b). The prosecution explained that in a separate case filed in 2020, defendant was charged with 10 counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(b)(*ii*) (sexual penetration of victim at least 13 but less than 16 years of age to whom the actor is related by blood or affinity), and one count of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(b)(*ii*) (sexual contact with victim at least 13 but less than 16 years of age to whom the actor is related by blood or affinity). These charges pertained to the sexual assault of defendant's niece in 2018. According to the prosecution, these other acts of sexual assault took place at defendant's restaurant, where the victim was employed. The notice stated that "the alleged victim is the daughter of the Defendant's brother who for a time resided in the same residence as the defendant, and several of the alleged sexual assaults occurred at the residence," as well as "the home of her grandparents, where the defendant had also previously lived."

Defendant objected, and a hearing was held on the matter. The trial court determined that the prosecution's proposed evidence was not admissible under MRE 404(b) because it did not sufficiently show a "common scheme[], intent, plan, motive, opportunity, absence of mistake or accident, those types of issues[.]" Instead, the court observed that "this really is a matter of whether or not this evidence can be used for propensity purposes." To that end, the court ruled that the evidence was admissible under MCL 768.27b, stating that the temporal proximity, frequency of the acts in the other case, and the reliability of the evidence in the other case weighed in favor of admission. The court conceded that the two cases were factually dissimilar in some ways, but reasoned:

> Given the nature of the domestic relationships, given that nature of the access that those allowed to the complaining witnesses for the defendant. I think there's a valid argument to be made that in relationship to [this case] the other acts . . . could be considered similar in enough ways that it wouldn't prevent the evidence from being admitted under [MRE] 403.

The trial court thereafter entered an order admitting the evidence under MCL 768.27b. This appeal followed.

## II. ANALYSIS

Defendant argues that the trial court abused its discretion by admitting the proposed other-acts evidence. He claims that the evidence should not be admitted because it is unduly prejudicial. We disagree.

"A decision regarding whether to admit evidence is reviewed for an abuse of discretion." *People v Watkins*, 491 Mich 450, 467; 818 NW2d 296 (2012). "A trial court abuses its discretion when it chooses an outcome falling outside the range of principled outcomes." *Id*.

The trial court admitted the evidence under MCL 768.27b, which provides, in relevant part:

[I]n a criminal action in which the defendant is accused of an offense involving domestic violence or sexual assault, evidence of the defendant's commission of other acts of domestic violence or sexual assault is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403.

This differs from the admissibility standard set forth in MRE 404(b), which proscribes the use of "other acts" evidence to prove an individual's character and show that that individual acted in conformity with that character on a particular occasion.[3] The purpose of MCL 768.27b is to give a "complete picture of a defendant's history" in order to "shed light on the likelihood that a given crime was committed." *People v Cameron*, 291 Mich App 599, 610; 806 NW2d 371 (2011) (quotation marks and citation omitted). MCL 768.27b thus permits the prosecution to offer evidence of a defendant's other acts of sexual assault even for purposes of showing propensity, so long as the evidence does not violate MRE 403. See *People v Rosa*, 322 Mich App 726, 732; 913 NW2d 392 (2018). A propensity inference weighs in favor of the evidence's probative value, rather than its potential prejudicial effect. *Watkins*, 491 Mich at 486-487.

However, under MRE 403, otherwise relevant evidence may be "excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." In *Cameron*, this Court explained:

The "unfair prejudice" language of MRE 403 refers to the tendency of the proposed evidence to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock. Moreover, admission of "[e]vidence is unfairly prejudicial when . . . [the danger exists] that marginally probative evidence will be given undue or preemptive weight by the jury." [291 Mich App at 611 (quotation marks and citations omitted; alterations in original).]

When deciding whether other-acts evidence that is admissible under MCL 768.27b should nonetheless be excluded under MRE 403, the trial court may consider the following nonexhaustive list of factors:

(1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence

---

[3] The Michigan Rules of Evidence were substantially amended on September 20, 2023, effective January 1, 2024. We rely on the version of the rules in effect at the time of the trial court's order.

supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Watkins*, 491 Mich at 487-488.]

Defendant maintains that the challenged evidence is unduly prejudicial relative to its probative value, and that it was thus inadmissible under MRE 403. There is no question that the proposed evidence is prejudicial to some degree. The issue, however, is whether the evidence is *unduly* prejudicial. We hold that it is not. Although there are some dissimilarities between the level of force used in the two cases, both cases involve domestic relationships in which defendant is alleged to have taken advantage of his close proximity to his victim in order to commit acts of sexual assault. In the present case, AS claims that defendant sexually assaulted her while she was living with him. At the time, she was staying with defendant because she had nowhere else to live. In the other case, defendant, who was 33 years old at the time, is alleged to have engaged in at least 10 instances of sexual penetration of his niece, who was between 13 and 16 years old at the time. Notably, defendant also lived in the same house as his niece when the assaults took place. Assuming the truth of these allegations, one could reasonably infer that defendant utilized his proximity to his niece to sexually assault her. Evidence of these other acts, therefore, demonstrates defendant's propensity to manipulate his domestic relationships in order to commit acts of sexual assault against vulnerable victims. The trial court also found that the temporal proximity between the other acts and the allegations in the present case, as well as the frequency with which the other acts occurred, weighed in favor of admitting the evidence. The acts alleged in the other case occurred in September 2018, less than a year before the actions alleged in the present case. Defendant is charged with 10 counts of CSC-I in the other case, suggesting that the frequency with which he allegedly assaulted his niece was not so limited as to favor exclusion.

The trial court additionally found that the other-acts evidence was reliable because defendant's conduct resulted in criminal charges. Defendant disputes this finding, arguing that the evidence is unreliable because he has not been convicted of the offenses.[4] Defendant ignores that MCL 768.27b does not indicate that a defendant has to be convicted of a particular offense in order for it to be admissible under the statute. Instead, the only requirement set forth in MCL 768.27b is that the admitted conduct must constitute a listed offense under MCL 28.722 of the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq*. CSC-I is a Tier III offense under SORA. MCL 28.722(v)(*iv*). Ultimately, on the limited record before us, we find no basis to question the trial court's determination that the evidence is reliable. See *Watkins*, 491 Mich at 487-489. The

---

[4] Defendant also argues that the use of these other acts, of which he has not been formally convicted, interferes with the presumption of innocence guaranteed by the Michigan and United States Constitutions. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment of an issue with little or no citation of supporting authority." *People v Clark*, 315 Mich App 219, 233-234; 888 NW2d 309 (2016) (quotation marks and citation omitted). "An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue." *People v Miller*, 326 Mich App 719, 739; 929 NW2d 821 (2019) (quotation marks and citation omitted). To the extent that defendant makes a constitutional argument, the argument has been abandoned because he has not cited any supporting authority. *Id*.

trial court thus did not abuse its discretion when it found that the *Watkins* factors weighed in favor of admitting this evidence because its probative value is not substantially outweighed by its potential prejudicial effect.

Defendant nonetheless contends that the evidence should have been barred because it will inflame the jurors and cause them to convict him on the basis of their opinion of his bad character rather than on the merits of the case. However, defendant fails to acknowledge that the trial court indicated that it would instruct the jury on the proper use of the evidence in order to cure any further prejudicial effect of the evidence. "Jurors are presumed to follow their instructions, and it is presumed that instructions cure most errors." See *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011). The evidence at issue suggests that defendant has a propensity to sexually assault women and girls based on their proximity and perceived vulnerability. Defendant has not identified a valid argument as to why this evidence should be excluded under MCL 768.27b, particularly given that, as noted above, the propensity inference arising from this evidence must be weighed in favor of its probative value, rather than against it. See *Watkins*, 491 Mich at 486-487.

Finally, defendant argues that this evidence should have been excluded because it will necessitate a "trial-within-a-trial" and confuse the jury.[5] Defendant bases his argument on the prosecution's proposed witness list, which includes defendant's niece, defendant's niece's mother, and two troopers listed in the felony information for the other case. Given the procedural posture of this case, it is unclear whether all of those witnesses will in fact testify at defendant's trial. In any event, defendant remains entitled to object pursuant to MRE 403 to evidence that is overly cumulative or time-wasting. *People v Daniels*, 311 Mich App 257, 273; 874 NW2d 732 (2015). However, at this stage of the proceedings, it does not appear that entry of this evidence will be overly confusing to the jury or waste time at trial. We thus conclude that MRE 403 does not operate to bar the admission of the evidence, and that its admission under MCL 768.27b was proper.

Affirmed.

/s/ Michael J. Riordan
/s/ Michelle M. Rick
/s/ Noah P. Hood

---

[5] Defendant appears to be making both an MRE 403 argument and a constitutional argument, reasoning that, because this evidence will necessitate a trial-within-a-trial, his due-process rights will be violated and it will create confusion for the jury. Defendant cites *United States v Yu Qin*, 688 F3d 257, 264 (CA 6, 2012), to support his constitutional argument. However, *Yu Qin* is inapposite, as that case addresses whether the admission of other-acts evidence violates MRE 403, and does not discuss the relationship between a trial-within-a-trial and a defendant's due-process rights. See *id*. at 264.